[Cite as *State ex rel. Jackson v. Official Court Reporter*, 2012-Ohio-3968.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98346**

# STATE OF OHIO EX REL.,
# THEODORE JACKSON

RELATOR

vs.

# OFFICIAL COURT REPORTER, ET AL.

RESPONDENTS

## JUDGMENT:
## WRIT DENIED

Writ of Mandamus
Motion No. 455633
Order No. 457854

**RELEASE DATE:** August 29, 2012

**FOR RELATOR**

Theodore Jackson, Pro Se
Inmate No. 590406
Marion Correctional Institution
P.O. Box 57
940 Marion-Williamsport Road
Marion, OH    43302


**ATTORNEYS FOR RESPONDENTS**

William D. Mason
Cuyahoga County Prosecutor

BY:    James E. Moss
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH    44113

MELODY J. STEWART, P.J.:

{¶1} Theodore Jackson has filed a complaint for a writ of mandamus, through which he seeks an order that requires the following: (1) compel Judge Ambrose to approve an App.R. 9(C) and App.R. 9(D) statement of evidence for use in an appeal that is pending before this court, *State v. Jackson*, 8th Dist. No. 98157; (2) compel Judge Ambrose to rule on pending motions that were filed in *State v. Jackson*, Cuyahoga C.P. No. CR-527856; (3) compel Judge Ambrose to issue findings of fact and conclusions of law with regard to the denial of Jackson's petition to vacate and set aside judgment of conviction and sentence; (4) compel the Cuyahoga County Clerk of Courts to withdraw the original papers filed in *State v. Jackson*, 8th Dist. No. 98157; and (5) compel the Cuyahoga County Court Reporter's Office to provide a free copy of the trial transcript in CR-527856 for use in the pending appeal of *State v. Jackson*, 8th Dist. No. 98157. For the following reasons, we decline to issue a writ of mandamus to Jackson.

{¶2} In order for this court to issue a writ of mandamus, Jackson must establish that: (1) he possesses a clear legal right to the requested relief; (2) Judge Ambrose, the Cuyahoga County Clerk of Courts, and the Cuyahoga County Court Reporter's Office possess a clear legal duty to perform the requested acts; and (3) there exists no plain and adequate remedy in the ordinary course of the law. *State ex rel., Ney v. Niehaus*, 33 Ohio St.3d 118, 515 N.E.2d 914 (1987); *State ex rel., Harris v. Rhodes*, 54 Ohio St.2d 41, 373 N.E.2d 641 (1978); *State ex rel., Natl. City Bank v. Bd. of Edn.*, 52 Ohio St.2d 81, 369 N.E.2d 1200 (1977). Herein, Jackson has failed to establish that he possesses any clear

legal right to the requested relief and that the respondents possess any clear legal duty to perform the requested acts.

**{¶3}** Specifically, we find that:

(1) Judge Ambrose possesses no duty to approve an App.R. 9(C) and 9(D) statement of evidence filed in CR-527856. On May 25, 2012, this court sua sponte amended the praecipe, filed in App. No. 98157, to an App.R. 9(A) record with the record being deemed complete for purposes of the appeal. *See* motion no. 455332. Jackson's request for a writ of mandamus, with regard to Judge Ambrose's approval of an App.R. 9(C) and 9(D) statement, is moot. *Jerninghan v. Cuyahoga Cty. Court of Common Pleas*, 74 Ohio St.3d 278, 1996-Ohio-117, 658 N.E.2d 723; *State ex rel., Gantt v. Coleman*, 6 Ohio St.3d 5, 450 N.E.2d 1163 (1983).

(2) Jackson's request for rulings on pending motions is moot and/or Judge Ambrose possesses no duty to issue rulings. On March 23, 2012, Judge Ambrose denied Jackson's motion for preparation of a transcript. On March 23, 2012, Judge Ambrose denied Jackson's motion for the appointment of an official court reporter to prepare the transcript. On June 1, 2012, Judge Ambrose denied Jackson's motion for the appointment of counsel for appeal. Judge Ambrose possesses no duty to approve a statement of the evidence or a statement of proceeding, because the record in App. No. 98157 was amended to an App.R. 9(A) record. Judge Ambrose possesses no duty to issue findings of fact and conclusions of law, because a review of the docket in CR-527856 fails to disclose that Jackson filed a motion for findings of fact and conclusions of law.

(3) Judge Ambrose possesses no duty to issue findings of fact with regard to a petition for postconviction relief that was untimely filed. R.C. 2953.21(A)(2); *State ex rel., James v. Coyne*, 114 Ohio St.3d 45, 2007-Ohio-2716, 867 N.E.2d 837; *State ex rel., Stadmire v. Kilbane-Koch*, 8th Dist. No. 93578, 2009-Ohio-3747.

(4) The Cuyahoga County Clerk of Courts possesses no duty to withdraw the original papers filed in App. No. 98157. To the contrary, the clerk possesses the duty to transfer the original papers pursuant to App.R. 9.

(5) The Cuyahoga County Court Reporter's Office possesses no duty to provide Jackson with a free copy of the trial transcript of the proceeding recorded in CR-527856 for use in the appeal that is pending in App. No. 98157. As stated previously, no hearing was conducted by the trial court. In addition, the appeal perfected by Jackson in App. No. 98157 involves the denial of a motion to withdraw guilty plea and /or petition to vacate. No transcript is required for the purpose of the appeal that is pending in App. No. 98157. It must also be noted that due process does not require that indigent civil litigants must be provided trial transcripts at state's expense. *Griffin v. Illinois*, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891.

{¶4} Accordingly, we find that Jackson has failed to establish that he is entitled to a writ of mandamus and grant the respondents' joint motion for summary judgment. Relator to pay costs. The court directs the clerk of court to serve all parties with notice of this judgment and its date of entry on the journal as required by Civ.R. 58(B).

{¶5} Writ denied.

_____

MELODY J. STEWART, PRESIDING JUDGE

COLLEEN CONWAY COONEY, J., and
KENNETH A. ROCCO, J., CONCUR