[Cite as *State v. Lidge*, 2012-Ohio-5398.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

AUNDRA LIDGE

    Appellant

C.A. No.    26387

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE Nos.    CR 09 06 2006
                CR 10 12 3554

DECISION AND JOURNAL ENTRY

Dated: November 21, 2012

MOORE, Judge.

{¶1} Defendant-Appellant, Aundra Lidge, appeals from the September 11, 2009, and March 13, 2012 judgment entries of the Summit County Court of Common Pleas. For the following reasons, we affirm.

I.

{¶2} In 2009, Mr. Lidge was indicted for three counts of trafficking in cocaine, in violation of R.C. 2925.03(A)/(C)(4). He pleaded not guilty to all counts. Mr. Lidge then entered into a plea agreement, and, in doing so, changed his plea to guilty. The trial court sentenced him to one year of incarceration on each count, to be served consecutively, for a total of three years. Further, the trial court suspended his sentence upon the condition that he successfully complete two years of community control. Mr. Lidge did not appeal.

{¶3} After his conviction, Mr. Lidge was indicted for possession of cocaine, driving under suspension, running a red light, reckless operation, and occupant restraining devices. As a

result, he pled guilty to: (1) a community control violation, and was sentenced to three years imprisonment based upon his previously suspended sentence, and (2) possession of cocaine and driving under suspension, and was sentenced to one year imprisonment for possession of cocaine, and six months for driving under suspension. These sentences were to be served concurrently with each other, but consecutively with his previously suspended sentence of three years, for a total of four years. The State dismissed the remaining charges, and Mr. Lidge did not appeal.

{¶4} Approximately a year-and-a-half later, Mr. Lidge filed (1) a motion to withdraw his pleas, or for concurrent sentences, and (2) a petition for post-conviction relief. In his motion to withdraw his pleas, and his petition for post-conviction relief, Mr. Lidge argued that his 2009 sentence was contrary to law because his convictions for trafficking in cocaine should have run concurrently, instead of consecutively. In an order dated March 13, 2012, the trial court denied both motions, and found that Mr. Lidge's claims were barred by the doctrine of res judicata because he never filed a direct appeal.

{¶5} Mr. Lidge appealed and set forth one assignment of error for our consideration.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT DENIED [MR. LIDGE] DUE PROCESS OF LAW AND EQUAL PROTECTION OF LAW UNDER AMENDMENT XIV OF THE UNITED STATES CONSTITUTION AND ARTICLE I, [SECTIONS] 16 & 2 OF THE OHIO CONSTITUTION BY NOT HAVING AN ALLIED OFFENSES HEARING PURSUANT TO R.C. 2941.25(A).

{¶6} In his sole assignment of error, Mr. Lidge argues that, pursuant to R.C. 2941.25(A), his constitutional rights were violated because the trial court did not hold an allied offenses hearing in 2009 with respect to his convictions for trafficking in cocaine. Specifically,

Mr. Lidge argues that the trial court erred in denying his petition for post-conviction relief because of the "new rulings of law" issued by the Supreme Court of Ohio in *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314.

{¶7} In his motions, Mr. Lidge argued that his 2009 sentence is contrary to law because his convictions for trafficking in cocaine should run concurrently, instead of consecutively. The trial court addressed this issue and found no constitutional violations in the imposition of consecutive sentences. However, in this appeal, Mr. Lidge does not raise any error with regard to the trial court's order. Instead, he makes an allied offenses argument based upon *Johnson*.

{¶8} It is well settled that "'an appellant's assignment of error provides this Court with a roadmap to guide our review.'" *State v. Hoang*, 9th Dist. No. 11CA0013-M, 2012-Ohio-3741, ¶ 12, quoting *Akron v. Johnson*, 9th Dist. No. 26047, 2012-Ohio-1387, ¶ 3. However, "[w]e decline to chart our own course when, as in this case, [Mr. Lidge] has failed to provide any guidance." *Hoang* at ¶ 12, *see* also App.R. 12(A)(2). Therefore, because Mr. Lidge failed to allege any error with regard to the March 13, 2012 order from which he appealed, we decline to address his argument regarding allied offenses.

{¶9} Additionally, Mr. Lidge's arguments pertaining to the September 11, 2009 order are untimely.

{¶10} Mr. Lidge's assignment of error is overruled.

III.

{¶11} In overruling Mr. Lidge's sole assignment of error, the judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CARLA MOORE
FOR THE COURT

DICKINSON, J.
CONCURS.

BELFANCE, J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

AUNDRA LIDGE, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.