[Cite as *Burton Carol Mgt., L.L.C. v. Tessmer*, 2015-Ohio-4321.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

BURTON CAROL MANAGEMENT, LLC,   **:**      **O P I N I O N**

           Plaintiff-Appellee,      **:**

                                      **CASE NO.  2015-L-035**

           - vs -              **:**

CAROLYN MARIE TESSMER,      **:**

           Defendant-Appellant.    **:**

Civil Appeal from the Mentor Municipal Court, Case No. 14 CVG 00485.

Judgment: Affirmed.


*Michael D. Linn* and *James J. Costello,* Powers Friedman Linn P.L.L., Four Commerce Park, #180, 23240 Chagrin Boulevard, Cleveland, OH  44122 (For Plaintiff-Appellee).

*Carolyn Marie Tessmer,* pro se, 7735 Miami Road, Mentor On The Lake, OH  44060 (For Defendant-Appellant).


CYNTHIA WESTCOTT RICE, J.

{¶1}    Appellant, Carolyn Marie Tessmer, appeals from the judgment of the Mentor Municipal Court finding her liable to appellee, Burton Carol Management, LLC, for $849 in past due rent.  We affirm.

{¶2}    On June 6, 2014, appellee filed a complaint for forcible entry and detainer against appellant seeking money damages.  Appellant filed her answer pro se and later filed a pro se "motion/notice of retaliation defense and counter-complaint," to which appellee duly answered.  During the pendency of the proceedings in the lower court,

appellant filed multiple motions, including a "motion for certification as class action against plaintiff for treble damages," a "motion/notice for preliminary injunction," a "motion for waiver of court filing fees due to indigency," a "motion for fair jury trial," a "motion to compel court-ordered discovery from plaintiffs," and a "motion for objection to plaintiffs notice for deposition." With the exception of appellant's "motion for a fair jury trial," the motions were denied. Appellant, however, failed to pay a jury deposit and, as a result, the matter was tried to the bench. Prior to trial, appellant's counterclaims were dismissed with prejudice.

{¶3} After a bench trial, the magistrate determined appellee was entitled to money damages on past-due rent in the amount of $734, plus cleaning charges in the amount of $115, for a total of $849. Appellant subsequently filed objections, but did not request the preparation of a transcript of the proceedings. The trial court overruled the objections and adopted the magistrate's decision.

{¶4} Appellant appealed the trial court's decision. No transcript was prepared or filed. Instead, appellant submitted a "Pro Se Profferred Statement in Lieu of Transcript and Affidavit in Support" [sic] pursuant to App.R. 9(C) and (D). Appellee moved this court to strike the statement for failure to comply with the requirements of App.R. 9. After reviewing the statement, this court concluded it indeed failed to comport with the requirements of both App.R. 9(C) and (D). The proffered statement was therefore stricken.

{¶5} Appellant assigns four errors for our review. Her first assignment of error states:

{¶6} "Did the trial court judge abused his discretion, create manifest injustice, structurally erred, substantially erred, plain erred, and/or violate this indigent defendant her federal constitutional right to a jury trial protected under the equal protection clause, due process of law, and access to the courts to present a defense protected under state/federal law and the 1st and 14th amendments of the US Constitution?" (Sic. Passim).

{¶7} Appellant moved the trial court to have her case tried to a jury. The trial court granted the motion, but required appellant to pay a $125 deposit for jury fees. On November 3, 2014, appellee filed a motion to strike appellant's jury demand for failure to pay the requisite fee. And, on November 25, 2014, the magistrate issued a decision requiring appellant to deposit her jury fees no later than December 1, 2014, or the jury trial would be converted into a bench trial. Appellant did not advance payment for the jury trial and the matter proceeded to a bench trial.

{¶8} R.C. 1901.26(A)(3) provides:

{¶9} When a jury trial is demanded in any civil action or proceeding, the party making the demand may be required to make an advance deposit as fixed by rule of court, unless, upon affidavit or other evidence, the court concludes that the party is unable to make the required deposit. If a jury is called, the fees of a jury shall be taxed as costs.

{¶10} Moreover, the Supreme Court of Ohio has held that local court rules conditioning a party's right to a jury trial upon the payment of a deposit for the cost of a jury are moderate, reasonable regulations on that right and therefore do not violate the Seventh Amendment to the Constitution of the United States or Section 5, Article I of the Constitution of Ohio. *Walters v. Griffith*, 38 Ohio St.2d 132 (1974), syllabus. The

3

Mentor Municipal Court's local rules provide a fee schedule that specifically details the costs a litigant must bear if he or she desires a civil jury trial.

{¶11} In this case, the record indicates appellant failed to advance the deposit for the jury costs ordered by the court. This failure was sufficient for the Mentor Municipal Court to strike appellant's jury demand and go forward with a trial to the bench. We discern no error in the trial court's actions.

{¶12} Appellant's first assignment of error is without merit.

{¶13} Appellant's second assignment of error provides:

{¶14} "Have the plaintiffs Attorney Michael Linn and fellow member of the Ohio Bar Association Committed fraud, similar acts, and is Attorney Michael Linn engaged in routine practice of committing fraud. That state trial/appellate court justices (fellow members of the Ohio Bar Association) intentionally in bad faith conspire to cover-up, condone, and profit by knowing or knowingly refusing to address/correct a fraud and then impose a court 'tax' upon indigent defendants never enacted by congress for exercising their clearly established federal constitutional rights to challenge a corrupt court system in Lake Co Ohio in violation of state/federal law to prejudice defendants of the federal constitutional right to a fair jury trial protected under the federal Equal Protection Clause of the US Constitution." (Sic. Passim.)

{¶15} Appellant appears to assert appellee's attorney, the Ohio Bar Association, along with various unnamed trial and appellate court judges, are working together to fraudulently undermine appellant's constitutional rights, as well as the rights of other anonymous, allegedly indigent defendants. The challenge(s) raised under this circuitous assignment of error are paranoiac and completely unfounded. Appellant

4

baldly alleges fraudulent collusion but advances no intelligible argumentation that would serve to support her suspicions. Appellant was found liable for money damages in a cognizable suit filed by appellee. The trial court's judgment finding appellant liable does not, under any rational metric, suggest appellee's attorney, the judiciary, and/or the bar association conspired (or are conspiring) to hamstring the rights of appellant or indigent defendants at large.

{¶16} Appellant's second assignment of error is without merit.

{¶17} Appellant's third assignment of error states:

{¶18} "Does defendant-appellant have a federal property/water right interest under federal law for the plaintiffs to 'supply water by a direct public utility connection' (and not be charged by the plaintiffs from unregulated third-party billing service)' as mandated by state/federal law; or is water a privilege to allow the plaintiff/landlord the right to cancel defendant/tenant water service with cheaper water co and then unlawfully charge a excessive $45.00 monthly 'utility' charge(the word water is not even in lease agreement) for two person/apt to allow the plaintiff to unlawfully act as public utility company to directly or indirectly profit by paying a quarterly flat-rater for water/sewage rater at extremely cheaper cost." (Sic. Passim.)

{¶19} Appellant appears to argue she, as a tenant of appellee, had a protected right to have water supplied from a public connection without having to pay appellee or a third party service. Because appellant provided no transcript and failed to submit a valid agreed statement pursuant to App.R. 9(D), we have no way of knowing whether the foregoing issue was raised in the lower court. Moreover, even though appellant raised her argument in an objection to the magistrate's ruling, the failure to produce

5

some record of the proceedings precluded the trial court from considering the merits of her position.

{¶20} "An appellant has a duty to exemplify any alleged errors by reference to matters in the record, and that duty is discharged by the filing of a verbatim transcript, a narrative statement of the evidence as provided in App.R. 9(C), or an agreed statement of the record filed pursuant to App.R. 9(D)." *In re Price*, 12th Dist. Nos. CA2001-02-35 and CA-2001-04-085, *4 (Mar. 25, 2002). Because appellant failed to file a transcript or a suitable alternative to demonstrate the alleged error, we must therefore presume regularity in the proceedings below. *Niles v. Yeager*, 11th Dist. Trumbull No. 2004-T-0004, 2004-Ohio-6698, ¶9.

{¶21} Appellant's third assignment of error lacks merit.

{¶22} Appellant's fourth assignment of error provides:

{¶23} "Did the trial court judge abused his abused his discretion, create manifest injustice, structurally erred, substantially erred, plain erred, and/or violate this indigent pro se defendant of her federal constitutional right under the equal protection of law, due process of law, and access to the courts. By denying her motion for objection to set aside the magistrate's decision and monetary judgment. That was against the great weight of the evidence, and obtained by fraud by plaintiff's corporate attorney with published history of fraud." (Sic. Passim.)

{¶24} As noted above, appellant's failure to file a transcript or a suitable substitute precludes review of the merits of the trial court's substantive conclusions. We therefore conclude, pursuant to the presumption of regularity, that the trial court did not err in adopting the magistrate's decision.

**{¶25}** Appellant's final assignment of error lacks merit.

**{¶26}** For the reasons discussed in this opinion, the judgment of the Mentor Municipal Court is affirmed.

TIMOTHY P. CANNON, P.J., concurs,

COLLEEN MARY O'TOOLE, J., concurs with a Concurring Opinion.

_____

COLLEEN MARY O'TOOLE, J., concurs with a Concurring Opinion.

**{¶27}** I agree with the majority to affirm the judgment of the trial court. I write separately to note two points.

**{¶28}** This civil forcible entry and detainer matter involves a pro se indigent defendant. Although there are limits, pro se litigants are generally afforded leniency. *See Henderson v. Henderson*, 11th Dist. Geauga No. 2012-G-3118, 2013-Ohio-2820, ¶22, citing *In re Rickels*, 3rd Dist. Paulding No. 11-03-13, 2004-Ohio-2353, ¶4; *State v. Chilcutt*, 3rd Dist. Crawford Nos. 3-03-16 and 3-03-17, 2003-Ohio-6705, ¶9; *State ex rel. Karmasu v. Tate*, 83 Ohio App.3d 199, 206 (4th Dist.1992); *In re Paxton*, 4th Dist. Scioto No. 91-CA2008 (June 30, 1992).

**{¶29}** Unlike criminal cases, due process does not require that indigent civil litigants be provided trial transcripts at state's expense. *Griffin v. Illinois*, 351 U.S. 12 (1956); *State ex rel. Jackson v. Official Court Reporter*, 8th Dist. Cuyahoga No. 98346, 2012-Ohio-3968, ¶3. "'In Ohio, indigent litigants are provided with a cost-effective alternative to purchasing a trial transcript from the court reporter'" under App.R. 9. *In re*

*Adoption of C.M.H.,* 4th Dist. Hocking No. 07CA23, 2008-Ohio-1694, ¶20, quoting *Watley v. Ohio Dept. of Rehab. and Correction*, 10th Dist. Franklin No. 06AP-1128, 2007-Ohio-1841, ¶17. In the context of a civil case, the Supreme Court of Ohio has held that "[t]he narrative statement provided for in App.R. 9(C) is an available, reliable alternative to an appellant unable to bear the cost of a transcript." *State ex rel. Motley v. Capers*, 23 Ohio St.3d 56, 58 (1986).

{¶30} On May 12, 2015, appellant filed a "Pro Se Proffered Statement In Lieu Of Transcript And Affidavit In Support" pursuant to App.R. 9(C) and (D). However, on July 24, 2015, the majority's writing judge granted appellee's motion to strike appellant's pro se proffered statement as untimely and stated that "[n]othing in appellant's statement indicates the underlying proceedings were not recorded, a transcript was unavailable, or, that a transcript existed, but is no longer available."

{¶31} This writer notes that a transcript was "unavailable" to appellant because she is indigent and unable to bear the cost of providing a transcript and that she attempted to comply with App.R. 9 in a pro se manner. *See Hurst v. Hurst*, 5th Dist. Licking No. 12-CA-70, 2013-Ohio-2674, ¶24.

{¶32} Notwithstanding the foregoing, I further note that in forcible entry and detainer cases, R.C. 1923.10 provides for jury trials. R.C. 1923.101 provides for the imposition of a deposit if a party requests a jury trial. Requiring such a deposit, however, amounts to a disparity between R.C. 1923.10 and 1923.101, which leads to inequitable treatment for indigent parties. 37 Ohio Jurisprudence 3d, Ejectment, Section 139.

**{¶33}** This writer stresses that in an action to recover possession of real property, the Seventh Amendment to the United States Constitution preserves to either party the right to a jury trial. *Pernell v. Southall Realty*, 416 U.S. 363, 376 (1974). The foregoing disparity between R.C. 1923.10 and 1923.101 is counter to the holding in *Pernell* where the Court stated that "the Seventh Amendment necessitates the availability of jury trials in cases where there is an effort to recover property in landlord-tenant disputes." *Lable and Co. v. Francis*, 7th Dist. Jefferson No. 89-J-39, 1991 Ohio App. LEXIS 797, *3 (Feb. 22, 1991). This writer further stresses that a trial court may waive the jury fee for an indigent defendant in matters involving forcible entry and detainer. 37 Ohio Jurisprudence 3d, Ejectment, Section 139.

**{¶34}** The trial court in this case granted appellant's motion to have her case tried to a jury. However, the court required that she pay a $125 deposit for jury fees. Because appellant was unable to pay the fee, as she is indigent, the court converted the matter to a bench trial. The indigent defendant should be able to defer the cost of a jury until the conclusion of the case. Based on the foregoing, I concur reluctantly with the trial court's decision and this court's affirmation of that decision. I believe the facts presented establish the trial court should have assessed the jury fee for this indigent defendant, but based upon the existing case law, no such remedy is available.

**{¶35}** I concur.