[Cite as *Stewart v. Hickory Hills Apts.*, 2015-Ohio-5046.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| | | |
|---|---|---|
| SUSAN STEWART, et al. | | C.A. No. 14CA0038-M |
| Appellants | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| HICKORY HILLS APARTMENTS | | MEDINA MUNICIPAL COURT COUNTY OF MEDINA, OHIO |
| Appellee | | CASE No. 13 CVI 00913 |

DECISION AND JOURNAL ENTRY

Dated: December 7, 2015

MOORE, Judge.

{¶1} Plaintiffs, Alden and Susan Stewart, appeal from the decision of the Medina Municipal Court. This Court affirms.

I.

{¶2} In 2013, the Stewarts filed a complaint against Hickory Hill Apartments L.P. ("Hickory Hill"), in which they alleged that Hickory Hill had overcharged them for damages to an apartment in which the Stewarts had previously resided. The Stewarts claimed that Hickory Hill had wrongfully assessed the Stewarts $1002.51 in damages, for which Hickory Hill withheld the entirety of the Stewarts' $530 security deposit and instituted a collection action to obtain the balance. The Stewarts requested judgment in the amount of $1060, which included statutory damages pursuant to R.C. 5321.16.

{¶3} The case proceeded to a hearing before a magistrate. In her decision, the magistrate entered judgment in favor of the Stewarts in the amount of $6. The Stewarts objected

to the magistrate's decision. Thereafter, the Stewarts filed a motion requesting the trial court "to waive and tax as cost the preparation of a transcript[.]" The trial court declined to order that a transcript be provided at no expense, but stated that it would "consider a future request for alternative means of providing a transcript" after the magistrate prepared a complete report, including findings of fact and conclusions of law.

{¶4} On December 17, 2013, the magistrate issued a new magistrate's decision, which included findings of fact and conclusions of law. In this decision, the magistrate rendered judgment in favor of the Stewarts in the amount of $2.49. The Stewarts objected to the December 17, 2013 magistrate's decision. The trial court then issued a judgment entry noting, in part, that no transcript of the evidence submitted to the magistrate had been filed with the trial court, and neither party sought leave to provide the court with alternative technology for its review in accordance with Civ.R. 53(D)(3)(b)(iii). The trial court adopted the magistrate's decision and granted judgment in favor of the Stewarts in the amount of $2.49. The Stewarts timely appealed. The Stewarts now present two assignments of error for our review.

## ASSIGNMENT OF ERROR I

[THE] TRIAL COURT VIOLATED [THE STEWARTS'] DUE PROCESS AND ABUSED ITS D[I]SCRETION IN DENYING [THE STEWARTS'] REQUEST FOR A TRANSCRIPT AT [THE] TIME OF MAGISTRATES OBJECTIONS (sic.)[.]

{¶5} In their first assignment of error, the Stewarts argue that the trial court abused its discretion by denying their request for a transcript to be prepared at no cost or to be taxed as court costs. We disagree.

{¶6} We first note that the Stewarts have appeared pro se before this Court and in the trial court. With respect to pro se litigants:

[P]ro se litigants should be granted reasonable leeway such that their motions and pleadings should be liberally construed so as to decide the issues on the merits, as opposed to technicalities. However, a pro se litigant is presumed to have knowledge of the law and correct legal procedures so that he remains subject to the same rules and procedures to which represented litigants are bound. He is not given greater rights than represented parties, and must bear the consequences of his mistakes. This Court, therefore, must hold [a pro se appellant] to the same standard as any represented party.

(Internal citations omitted.) *Sherlock v. Myers*, 9th Dist. Summit No. 22071, 2004-Ohio-5178, ¶ 3; *Countrywide Home Loans Servicing, L.P. v. Murphy-Kesling*, 9th Dist. Summit No. 25297, 2010-Ohio-6000, ¶ 4.

{¶7} Here, although the Stewarts appear to make extraneous arguments in support of their first assignment of error, this Court has held that "an appellant's assignment of error provides this Court with a roadmap to guide our review." (Internal quotations and citations omitted.) *State v. Lidge*, 9th Dist. Summit No. 26387, 2012-Ohio-5398, ¶ 8. Accordingly, we will confine our discussion to whether due process required the trial court to provide the Stewarts with a transcript of the magistrate's hearing.

{¶8} The Stewarts, in order to support their first set of objections to the magistrate's decision, requested the trial court to order that the transcript be prepared at public expense or taxed as costs. In support, they maintained that they were indigent and entitled to a transcript of the proceedings pursuant to *Griffin v. Illinois*, 351 U.S. 12 (1956). However, *Griffin* pertained to the right of an indigent *criminal defendant* to obtain a copy of a transcript at the State's expense. *See Griffin* at 13-15. Unlike criminal cases, due process does not necessarily require that indigent *civil* litigants be provided trial transcripts at the State's expense. *Burton Carol Mgt., L.L.C. v. Tessmer*, 11th Dist. Lake No. 2015-L-035, 2015-Ohio-4321, ¶ 29, citing *State ex rel. Jackson v. Official Court Reporter*, 8th Dist. Cuyahoga No. 98346, 2012-Ohio-3968, ¶ 3. *See also M.L.B. v. S.L.J.*, 519 U.S. 102, 116 (1996) (the United States Supreme Court "has not

extended *Griffin* to the broad array of civil cases" but instead looks to the nature of the right being litigated), and *Hom v. Brennan*, 840 F.Supp.2d 576, 583 (E.D.N.Y.2011) ("While the *Griffin* principle has not been confined to cases in which imprisonment is at stake, it has been limited to cases that are quasi criminal in nature * * * or a small subset of civil cases where a fundamental interest is at stake * * *."   (Internal citations omitted.)).   We are aware of no authority, and the Stewarts have not directed this Court to any authority, requiring the trial court to order a transcript   prepared at public expense under the circumstances present here.  *See* App.R. 16(A)(7).

{¶9}    Accordingly, the Stewarts' first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT'S ADOPTION OF THE MAGISTRATE[']S DECISION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE[.]

{¶10}  In their second assignment of error, the Stewarts maintain that the trial court's adoption of the magistrate's decision was against the manifest weight of the evidence.

{¶11}  "Civ.R. 53(D)(3)(b)(iii) provides that '[a]n objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available.'" *Walker v. Lou Restoration*, 9th Dist. Summit No. 26236, 2012-Ohio-4031, ¶ 6.  "The duty to provide a transcript or affidavit to the trial court rests with the person objecting to the magistrate's decision." *Id.*, quoting *Swartz v. Swartz*, 9th Dist. Medina No. 11CA0057-M, 2011-Ohio-6685, ¶ 8.  "Without a transcript of the hearing, [a] trial court [is] required to accept all of the magistrate's findings of fact as true and only review the magistrate's conclusions of law based upon the accepted findings of fact." *Walker* at ¶ 6, quoting *Cuyahoga Falls v. Eslinger*, 9th Dist. Summit No. 21951, 2004-Ohio-

4953, ¶ 6. "It follows that [the appellate court] must do the same." *Walker* at ¶ 6, quoting *Eslinger* at ¶ 6.

**{¶12}** Although, as we discussed in response to their first assignment of error, the Stewarts were not entitled to a transcript at public expense, it was their duty to obtain a transcript of the magistrate's hearing or provide to the trial court an affidavit of the evidence, assuming a transcript was unavailable. *See Walker* at ¶ 6. Having not provided the transcript or affidavit, the trial court could only accept as true the magistrate's factual findings, and we cannot say that the trial court erred in this respect. *See id.*

**{¶13}** Accordingly, the Stewarts' second assignment of error is overruled.

III.

**{¶14}** The Stewarts' assignments of error are overruled. The judgment of the trial court is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Medina Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

_____
CARLA MOORE
FOR THE COURT


WHITMORE, P. J.
SCHAFER, J.
CONCUR.


APPEARANCES:

ALDEN and SUSAN STEWART, pro se, Appellants.