[Cite as *Bayview Loan Servicing, L.L.C. v. Woods*, 2016-Ohio-185.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

BAYVIEW LOAN SERVICING, LLC

    Appellee

    v.

AUGUSTUS WOODS, et al.

    Appellant

C.A. No.    27658

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2014 01 0328

DECISION AND JOURNAL ENTRY

Dated: January 20, 2016

---

MOORE, Judge.

{¶1} Defendant-Appellant Derrick Woods appeals from the judgment of the Summit County Court of Common Pleas granting summary judgment to Plaintiff-Appellee Bayview Loan Servicing, LLC ("Bayview) and entering a decree of foreclosure. We affirm.

I.

{¶2} On September 28 2007, Augustus Woods, Mr. Woods' father, executed an adjustable rate note in the amount of $126,900 in favor of Real Living Mortgage, LLC for property located at 51 Kuder Avenue, in Akron. At some point in time, the note was endorsed to Wells Fargo Bank, N.A. and then from Wells Fargo Bank, N.A. to Bayview. The note was secured by a mortgage on the same property in favor of Real Living Mortgage. The mortgage was assigned on September 28, 2007, to Wells Fargo Bank, N.A. and the assignment was recorded on October 10, 2007. On August 7, 2013, Wells Fargo Bank, N.A. assigned the mortgage to Bayview. The assignment was subsequently recorded.

{¶3} In April 2013, Augustus Woods passed away and his mortgage payments became delinquent as of the June 1, 2013 payment. In August 2013, Bayview sent a notice of default and intent to accelerate to the property.

{¶4} In January 2014, Bayview filed a complaint for foreclosure against Augustus Woods, the unknown spouse of Augustus Woods, and the unknown heirs at law or under will of Augustus Woods. Bayview asserted that it was the holder of the note and mortgage, that there had been a default in payment, that $38,232.28 plus interest from May 1, 2013 was owed, and that it had complied with all conditions precedent in the note and mortgage. Bayview sought monetary judgment and foreclosure on the property. In February 2014, Bayview filed an amended complaint adding Mr. Woods and Shannon Woods as Defendants in the action. In April 2014, Mr. Woods filed a narrative answer.

{¶5} On August 20, 2014, Bayview filed a motion for a default judgment against Augustus Woods, the unknown spouse of Augustus Woods, the unknown heirs at law or under will of Augustus Woods, and Shannon Woods. Additionally, Bayview filed a motion for summary judgment against Mr. Woods. Mr. Woods did not oppose the motion.

{¶6} On December 29, 2014, the trial court issued a judgment of foreclosure, granted summary judgment to Bayview and found the remaining parties were in default for failing to answer. Mr. Woods has now appealed, pro se, from that judgment, raising four assignments of error for our review.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT TO [BAYVIEW] AS THERE WAS A GENUINE ISSUE OF[] MATERIAL FACT WHEN [BAYVIEW] STATED THAT PROPERTY TAXES HAD NOT BEEN PAID AT THE TIME OF THE FILING FOR SUMMARY JUDGMENT.

**ASSIGNMENT OF ERROR II**

THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT TO [BAYVIEW] AS THERE WAS A GENUINE ISSUE OF MATERIAL FACT WHETHER [BAYVIEW] PROVIDED THE PROPER NOTICES SPECIFICALLY TO [MR. WOODS] OF DEFAULT PRIOR TO ACCELERATION.

**ASSIGNMENT OF ERROR III**

THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT TO [BAYVIEW] AS THERE WAS A GENUINE ISSUE OF MATERIAL FACT IN VIOLATION OF ((1988), 62 OHIO APP.3D 277), THAT ACCORDING TO THE LOAN AGREEMENT FILED WITH THE SUMMARY JUDGME[NT,] AUGUSTUS WOODS WAS APPROXIMATELY 13 YEARS AHEAD OF HIS MORTGAGE PAYMENTS PRIOR TO HIS DEATH.

**ASSIGNMENT OF ERROR IV**

THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT TO [BAYVIEW] AS THERE WAS A GENUINE ISSUE OF MATERIAL FACT IN VIOLATION OF (1988), 62 OHIO APP.3D 277 SINCE [BAYVIEW] NEVER PRESENTED A LOAN AGREEMENT SPECIFIC TO THIS DEBT. IF YOU PAY CLOSE ATTENTION YOU WILL SEE THE TERMS OF THE ATTACHED LOAN AGREEMENT DOES NOT MATCH THE TERMS OF THE LOAN THEY HOLD. THEY DO NOT HOLD AN AGREEMENT SIGNED BY AUGUSTUS WOODS FOR THIS DEBT. AUGUSTUS WOODS ONLY SIGNATURE IS FOR THE LOAN PRESENTED BY [BAYVIEW]. AUGUSTUS WOODS MADE NO OTHER AGREEMENT WITH ANY ENTITY, INCLUDING PAST DEBT SECURIT[IES]. THIS LOAN HAS BEEN PAID 13 YEARS AHEAD. WHILE THE AMOUNT THAT IS OWED IS CORRECT THERE IS NO OTHER AGREEMENT FOR THE TERMS SAVE THE ONE FILED WITH THE SUMMARY JUDGMENT REQUEST MAKING THIS AGREEMENT THE BINDING ONE IN THE ABSENCE OF ANY OTHER AGREEMENT AND OR SIGNATURE. [SIC.]

**{¶7}** Mr. Woods asserts in his first assignment of error that a genuine issue of material fact remained because Bayview misrepresented that the property taxes were unpaid. Mr. Woods argues in his second assignment of error that the trial court erred in granting summary judgment when Bayview failed to establish that it specifically sent him a notice of default prior to acceleration. Mr. Woods appears to argue in his third and fourth assignments of error that

summary judgment was inappropriate because Augustus Woods had made substantial prepayments of principal.

{¶8} We first note that Mr. Woods has appeared pro se before this Court and in the trial court. With respect to pro se litigants, we have said:

> [P]ro se litigants should be granted reasonable leeway such that their motions and pleadings should be liberally construed so as to decide the issues on the merits, as opposed to technicalities. However, a pro se litigant is presumed to have knowledge of the law and correct legal procedures so that he remains subject to the same rules and procedures to which represented litigants are bound. He is not given greater rights than represented parties, and must bear the consequences of his mistakes. This Court, therefore, must hold [a pro se appellant] to the same standard as any represented party.

(Internal quotations and citations omitted.) *Stewart v. Hickory Hills Apts.,* 9th Dist. Medina No. 14CA0038-M, 2015-Ohio-5046, ¶ 6.

{¶9} While Mr. Woods has raised four assignments of error, he has not developed any argument with respect to those assignments of error or cited to relevant authority that would support his specific positions. *See* App.R. 16(A)(7). For example, Mr. Woods has pointed to no case law or to anything in the mortgage or note that would require that Bayview serve him specifically with a notice of default; Augustus Woods was the borrower under the note and mortgage, not Mr. Woods. Further, Mr. Woods' arguments could, and should have been, raised in the trial court. However, Mr. Woods failed to oppose Bayview's motion for summary judgment. Thus, unfortunately, this Court cannot address the merits of Mr. Woods' arguments as they have been forfeited. "When the non-moving party fails to raise an argument when responding to the motion for summary judgment, the party forfeits the right to raise that argument on appeal." *Sovereign Bank, N.A. v. Singh,* 9th Dist. Summit No. 27178, 2015-Ohio-3865, ¶ 11. "Moreover, by failing to respond to the motion for summary judgment, [Mr. Woods] failed to provide any Civ.R. 56 evidence to demonstrate the existence of a genuine issue of fact

for trial." *Id.* Nonetheless, "we must still review the trial court's decision to determine whether the grant of summary judgment was appropriate." (Internal quotations and citations omitted.) *Id.*

{¶10} We review an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). We apply the same standard as the trial court, viewing the facts of the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. *Viock v. Stowe-Woodward Co.*, 13 Ohio App.3d 7, 12 (6th Dist.1983).

{¶11} Pursuant to Civ.R. 56(C), summary judgment is proper only if:

(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-93 (1996). "If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied." *Id.* at 293. If the moving party fulfills this burden, then the burden shifts to the nonmoving party to prove that a genuine issue of material fact exists. *Id.*

{¶12} "[A] foreclosure requires a two[-]step process. The prerequisites for a party seeking to foreclose a mortgage are execution and delivery of the note and mortgage; valid recording of the mortgage; default; and establishing an amount due." (Internal quotations and citations omitted.) *Singh* at ¶ 9. "Once a court has determined that a default on an obligation secured by a mortgage has occurred, it must then consider the equities of the situation in order to

decide if foreclosure is appropriate." (Internal quotations and citation omitted.) *Id*. "With respect to determining whether foreclosure is an equitable remedy, a majority of this Court has taken the position that we will refrain from undertaking an equitable analysis under circumstances such as this where the appellant did not properly raise the issue." *Id.* at ¶ 12.

{¶13} Here, in support of its motion for summary judgment, Bayview offered the affidavit of an employee of Bayview. The employee averred that Bayview or Bayview's agent had possession of the original note, that the employee had examined Augustus Woods' loan account and that there was due $38,232.28 in unpaid principal, plus interest as of May 1, 2013. The employee further averred that the employee relied upon the "Notice of Intent to Foreclose" issued on August 28, 2013 in making the affidavit and that a true and accurate copy of the notice was attached to the affidavit as Exhibit D. Additionally, the employee stated that the documents attached to the complaint were true copies of the original loan documents maintained as business records by Bayview. Attached to the original complaint was a copy of the note, which included an indorsement to Bayview, a copy of the mortgage, a copy of the adjustable rate rider, and a copy of the assignments of the mortgage, which included an assignment to Bayview. Exhibit D of the motion for summary judgment included not only the notice of intent to foreclose[1], which indicated it had been mailed but also various loan related printouts. The notice of intent to foreclose indicated that the loan was due for the June 1, 2013 payment and, inter alia, indicated an amount necessary to cure the default. The other loan related printouts, while somewhat confusing due to the use of abbreviations that are not explained, do reflect a principal balance of $38,232.28. Thus, we conclude Bayview satisfied its burden as the moving party. *See Singh* at ¶

---

[1] The notice is actually entitled "Notice of Default and Intent to Accelerate" but for ease of discussion we will refer to it as the affiant has.

11. "Absent any evidence to the contrary, the trial court did not err in concluding that [Bayview] satisfied the prerequisites for a party seeking to foreclose on a mortgage." *Id.*

{¶14}  Accordingly, in light of the lack of argument made below and on appeal, we can only conclude that the trial court did not err in granting summary judgment to Bayview.  Mr. Woods' four assignments of error are overruled.

III.

{¶15}  The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CARLA MOORE
FOR THE COURT

WHITMORE, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

DERICK A. WOODS, pro so, for Appellant.

RACHEL M. KUHN and  DARRYL E. GORMLEY, Attorneys at Law, for Appellee.