[Cite as *U.S. Bank Natl. Assn. v. Beach*, 2016-Ohio-4938.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS | |
| | )ss: | NINTH JUDICIAL DISTRICT | |
| COUNTY OF SUMMIT | ) | | |

U.S. BANK, N.A., et al.

    Appellee

    v.

KATHLEEN M. BEACH, et al.

    Appellant

C.A. No.    27928

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2013-12-5712

DECISION AND JOURNAL ENTRY

Dated: July 13, 2016

MOORE, Presiding Judge.

**{¶1}** Defendant-Appellant Kathleen M. Beach appeals from the judgment of the Summit County Court of Common Pleas granting summary judgment to Plaintiff-Appellee U.S. Bank National Association, as trustee for Bank of America Funding Corporation 2007-3 ("U.S. Bank").[1]  We affirm.

I.

**{¶2}** On January 18, 2007, Ms. Beach executed a note in favor of American Brokers Conduit in the amount of $181,000.  That same day, to secure payment for the note, Ms. Beach executed a mortgage in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for American Brokers Conduit, against property on S. Bedford Road in Macedonia.

---

[1] The filings in the trial court interchangeably refer to U.S. Bank as "U.S. Bank National Association, as trustee for the Bank of America Funding Corporation 2007-3[,]" and as "U.S. Bank National Association, as trustee for Banc of America Funding Corporation 2007-3[.]"  As no one has asserted there is a difference between the entities, we will assume they are the same.

The note and mortgage were sold to a trust (Banc of America Funding Corporation 2007-3) in 2007; however, there is no documentation evidencing such a transfer. Since 2007, Wells Fargo Bank, N.A. d.b.a. America's Servicing Company ("Wells Fargo") has serviced the loan for the trust. Wells Fargo was also appointed the attorney-in-fact for U.S. Bank National Association in connection with the loans Wells Fargo serviced for U.S. Bank National Association in its capacity as a trustee.

{¶3} On July 20, 2011, MERS, as nominee for American Brokers Conduit, executed a corporate assignment of the mortgage to U.S. Bank National Association, as trustee of the Bank of America Funding Corporation (BAFC) 2007-3 trust. The note was originally indorsed in blank, and prior to October 10, 2011, American Brokers Conduit completed it as a special indorsement to "U.S. Bank National Association as trustee for holders of Banc of America Funding Corporation Mortgage Pass-Through Certificates, Series 2007-3." On October 10, 2011, Wells Fargo, as attorney-in-fact for U.S. Bank National Association as trustee for holders of Banc of America Funding Corporation Mortgage Pass-Through Certificates, Series 2007-3, executed an allonge to the note indorsing the note to "U.S. Bank National Association, as Trustee of the Bank of America Funding Corporation (BAFC) 2007-3 Trust." According to the record, "*Banc* of America Funding Corporation Mortgage Pass-Through Certificates, Series 2007-3" and "*Bank* of America Funding Corporation (BAFC) 2007-3 Trust" refer to the same trust. (Emphasis added.)

{¶4} In November 2009, Wells Fargo, as servicer of the loan, sent Ms. Beach a special forbearance agreement and in November 2012, it provided her with a trial period plan aimed at assisting Ms. Beach in curing her default. Ms. Beach never agreed to the terms of the trial period

plan and in October 2013, Wells Fargo notified Ms. Beach that she was in default, and that if she did not cure the default, the balance due would be accelerated.

{¶5} On December 9, 2013, U.S. Bank filed a complaint for foreclosure against Ms. Beach and her unknown spouse, if any. It alleged it was entitled to enforce the note and mortgage, that the note and mortgage were in default, and that it had satisfied all conditions precedent. U.S. Bank sought $172,424.88, plus interest on the principal balance at the rate of 6.875% from January 1, 2011, along with all late charges, advances, and costs and expenses. Additionally, it requested an order of foreclosure.

{¶6} Ms. Beach initially filed a pro se answer; however, after retaining counsel, she filed an amended answer and several counterclaims. U.S. Bank filed a motion for default judgment against the unknown spouse of Ms. Beach and a motion for leave to file a motion for summary judgment. Two days later, and prior to receiving leave, U.S. Bank filed its motion for summary judgment on its claims and the counterclaims, which included an affidavit of Andrea Kruse, Vice President of Loan Documentation from Wells Fargo. Thereafter, the trial court granted U.S. Bank leave to file its motion for summary judgment, and later granted the motion for summary judgment and issued a decree in foreclosure.

{¶7} Ms. Beach then moved to set aside the decree of foreclosure and award of summary judgment and also filed a motion in opposition to the motion for summary judgment. Ms. Beach did not include any evidentiary materials with her brief in opposition. The trial court granted the motion to set aside the foreclosure decree and indicated that U.S. Bank could file a reply brief in response to Ms. Beach's brief in opposition. However, instead of filing a reply brief, U.S. Bank sought leave to file an amended motion for summary judgment, which was granted. U.S. Bank's amended motion included different evidentiary materials. Ms. Beach did

not oppose the amended motion. Thereafter, the trial court granted summary judgment in favor of U.S. Bank on its claims and Ms. Beach's counterclaims and entered a decree in foreclosure.

{¶8} Ms. Beach has appealed, raising three assignments of error for our review.

II.

### ASSIGNMENT OF ERROR I

REVIEWING [U.S. BANK'S] MOTION FOR SUMMARY JUDGMENT DE NOVO, THE RECORD IS CLEAR AND CONVINCING THAT THE TRIAL COURT ERRED TO THE PREJUDICE OF [MS. BEACH] BY GRANTING [U.S. BANK'S] MOTION FOR SUMMARY JUDGMENT IN FAVOR OF [U.S. BANK].

### ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED TO THE PREJUDICE OF [MS. BEACH] BY GRANTING [U.S. BANK'S] MOTION FOR SUMMARY JUDGMENT BASED UPON THE PRESENCE OF GENUINE ISSUES OF MATERIAL FACT REGARDING [U.S. BANK'S] FAILURE TO PROVIDE SUFFICIENT EVIDENCE OF ENTITLEMENT TO FORECLOSURE AND/OR DAMAGES.

{¶9} Ms. Beach argues in her first two assignments of error that the trial court erred in granting summary judgment in favor of U.S. Bank because it failed to present sufficient evidence demonstrating that it had standing and to establish an amount due and owing. Specifically, Ms. Beach asserted that U.S. Bank's affidavit attached to its amended motion, provided by Alissa Doepp, was insufficient to establish U.S. Bank's entitlement to summary judgment.

{¶10} We begin by noting that, in the argument portion of her brief, Ms. Beach fails to cite to parts of the record that support her factual assertions. *See* Loc.R. 7(F). Additionally, Ms. Beach filed no opposition to the amended motion for summary judgment. While much of the argument in the amended motion was similar to the argument made in the original motion, the evidentiary materials were not. For instance, the original motion relied upon an affidavit of Ms. Kruse, while the amended motion relied upon an affidavit of Ms. Doepp, a Vice President of

Loan Documentation from Wells Fargo. And while many of Ms. Doepp's averments were similar to those of Ms. Kruse, as were many of the documents Ms. Doepp referenced and attached, they were not identical to those of the original motion. Accordingly, as Ms. Beach has failed to challenge the sufficiency of Ms. Doepp's affidavit below, she has forfeited the right to raise the issue on appeal. *See Bayview Loan Servicing, L.L.C. v. Woods,* 9th Dist. Summit No. 27658, 2016-Ohio-185, ¶ 9.

{¶11} "Moreover, by failing to respond to the [amended] motion for summary judgment, [Ms. Beach] failed to provide any Civ.R. 56 evidence to demonstrate the existence of a genuine issue of fact for trial." *Woods* at ¶ 9, quoting *Sovereign Bank, N.A. v. Singh,* 9th Dist. Summit No. 27178, 2015-Ohio-3865, ¶ 11. "Nonetheless, 'we must still review the trial court's decision to determine whether the grant of summary judgment was appropriate.'" *Woods* at ¶ 9, quoting *Singh* at ¶ 11.

{¶12} We review an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). We apply the same standard as the trial court, viewing the facts of the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. *Viock v. Stowe-Woodward Co.*, 13 Ohio App.3d 7, 12 (6th Dist.1983).

{¶13} Pursuant to Civ.R. 56(C), summary judgment is proper only if:

> (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. *Dresher*

*v. Burt*, 75 Ohio St.3d 280, 292-93 (1996). "If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied." *Id*. at 293. If the moving party fulfills this burden, then the burden shifts to the nonmoving party to prove that a genuine issue of material fact exists. *Id*.

{¶14} "[A] foreclosure requires a two[-]step process. The prerequisites for a party seeking to foreclose a mortgage are execution and delivery of the note and mortgage; valid recording of the mortgage; default; and establishing an amount due." *Woods* at ¶ 12, quoting *Singh* at ¶ 9. "Once a court has determined that a default on an obligation secured by a mortgage has occurred, it must then consider the equities of the situation in order to decide if foreclosure is appropriate." *Woods* at ¶ 12, quoting *Singh* at ¶ 9. "With respect to determining whether foreclosure is an equitable remedy, a majority of this Court has taken the position that we will refrain from undertaking an equitable analysis under circumstances such as this where the appellant did not properly raise the issue." *Woods* at ¶ 12, quoting *Singh* at ¶ 12.

{¶15} In support of its amended motion for summary judgment, U.S. Bank submitted the affidavit of Ms. Doepp, an employee of Wells Fargo. In the affidavit, Ms. Doepp briefly described her duties and responsibilities there. She averred that Wells Fargo was the servicer of the loan and averred that, attached to the motion, were copies of the note, mortgage, assignment of the mortgage to U.S. Bank National Association, as Trustee of the Bank of America Funding Corporation (BAFC) 2007-3, and the allonge indorsing the note to U.S. Bank National Association, as Trustee of the Bank of America Funding Corporation (BAFC) 2007-3. The documents also evidence that the mortgage and assignment of the mortgage were recorded. The assignment of the mortgage is dated July 20, 2011, and the allonge is dated October 10, 2011, both dates well before the instant action was filed. Additionally, Ms. Doepp averred that "U.S.

Bank as custodian for the Trust, possessed the Note as of the date this action was filed[,]" and that "Wells Fargo, as servicer for the Trust, through an agent, [at the time of the filing of the motion] possesse[d] the note." Furthermore, the notice of default was also included in the attachments. Finally, Ms. Doepp averred that as of May 6, 2015, $249,314.86 was due and owing, with $172,424,88 being the principal amount due, and the remainder being interest and various disbursements.

{¶16} Given the foregoing, "[a]bsent a response to the [amended] motion for summary judgment, [Ms. Beach] did not satisfy [her] reciprocal burden, and the trial court did not err in determining that [U.S. Bank] had standing." *Singh* at ¶ 10; *Deutsche Bank Natl. Trust Co. v. Holden*, Slip Opinion No. 2016-Ohio-4603, ¶ 32 ("[T]he fundamental requirement of standing is that the party bringing the action must have a personal stake in the outcome of the controversy, i.e., that it must be the injured party."). Further, U.S. Bank also presented evidence demonstrating it met the requirements necessary to foreclose on the property. *See Woods* at ¶ 12, quoting *Singh* at ¶ 9 ("The prerequisites for a party seeking to foreclose a mortgage are execution and delivery of the note and mortgage; valid recording of the mortgage; default; and establishing an amount due."). There has been no clear assertion that Wells Fargo's current possession of the note, through an agent, as servicer of the trust, when Wells Fargo was also the attorney-in-fact for U.S. Bank, affected U.S. Bank's ability to enforce the note and foreclose on the property. *See U.S. Bank Natl. Assn. v. Gray,* 10th Dist. Franklin No. 12AP-953, 2013-Ohio-3340, ¶ 25 ("Constructive possession exists when an agent of the owner holds the note on behalf of the owner. Consequently, a person is a holder of a negotiable instrument, and entitled to enforce the instrument, when the instrument is in the physical possession of his or her agent.") (Internal citation omitted.); *see also id.* (concluding that, as the servicer possessed the note on behalf of

U.S. Bank, U.S. Bank maintained constructive possession of the note, and was a holder who could enforce it.). Here, Wells Fargo serviced the loan for U.S. Bank and possessed the note, indorsed to U.S. Bank, at the time of the filing of the amended motion for summary judgment. In light of the absence of any opposition to the amended motion for summary judgment, and the absence of argument on this specific issue on appeal, *see* App.R. 16(A)(7), we cannot say that the trial court erred in determining U.S. Bank was entitled to enforce the note and foreclose on the property. *See Woods,* 2016-Ohio-185 at ¶ 13, quoting *Singh,* 2015-Ohio-3865, at ¶ 11 ("Absent any evidence to the contrary, the trial court did not err in concluding that [the bank] satisfied the prerequisites for a party seeking to foreclose on a mortgage.")

{¶17} Accordingly, Ms. Beach's first and second assignments of error are overruled.

### ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED TO THE PREJUDICE OF [MS. BEACH] BY GRANTING [U.S. BANK'S] MOTION FOR SUMMARY JUDGMENT DISMISSING [MS. BEACH'S] COUNTERCLAIMS BASED UPON THE PRESENCE OF GENUINE ISSUES OF MATERIAL FACT.

{¶18} Ms. Beach argues that the trial court erred in granting summary judgment on her counterclaims. As Ms. Beach has only raised arguments with respect to certain counterclaims, we will restrict our review accordingly in this appeal.

{¶19} With respect to Ms. Beach's alleged counterclaim asserting a violation of the Fair Debt Collection Practices Act, upon review of the record, it does not appear that Ms. Beach's pleading asserted a claim under the Fair Debt Collection Practices Act. It does not even mention the statute by name or number. Accordingly, we see no error in the trial court's determination with respect to this alleged counterclaim.

{¶20} With respect to the remainder of the counterclaims, we begin by again pointing out that Ms. Beach failed to oppose the amended motion for summary judgment. We remain

mindful that, "[w]hen the non-moving party fails to raise an argument when responding to the motion for summary judgment, the party forfeits the right to raise that argument on appeal." *Singh,* 2015-Ohio-3865, ¶ 11. Also troubling to this Court is that, in her appellate brief in the argument section addressing this assignment of error, Ms. Beach failed to cite to the portions of the record which would support her position. *See* Loc.R. 7(F) ("If a party fails to include a reference to a part of the record that is necessary to the court's review, the court may disregard the assignment of error or argument."). This is particularly problematic in this case, because, to the limited extent that Ms. Beach has provided factual allegations in this assignment of error, many of them appear to be inaccurate. For example, with respect to her claim under the Ohio Consumer Sales Protection Act ("CSPA"), she appears to contend that U.S. Bank is a "non-bank mortgage servicer[]" when nothing in the record would support such a notion. In her own counterclaim, Ms. Beach asserted that U.S. Bank was a "National Banking Association[.]" She also appears to claim that her CSPA counterclaim contained allegations that U.S. Bank violated the CSPA by providing her with false and misleading representations in regard to the "character, amount, legal status, and ownership of the debt" and by making material misrepresentations as a "supplier[.]" However, Ms. Beach's CSPA counterclaim included only the following allegations (aside from her statement that the prior paragraphs of the counterclaim were being re-alleged):

> [U.S. Bank,] in various capacities, whether directly or indirectly, engaged in conduct and/or omissions which constitute improper, fraudulent, or dishonest dealings or otherwise pursuant to and in violation of the [CSPA], and other related and applicable statutes, administrative codes, policies, practices, law, and otherwise.

> As a direct and proximate result thereof, [Ms. Beach] has suffered direct damages in the form of costs, attorney fees and other incidental, consequential, and compensatory damages in an amount to be determined by the trier of fact.

{¶21} Notably, the above quoted language from the pleading does not include the allegations that she has pointed to her in brief on appeal. Finally, Ms. Beach has failed to develop any argument explaining how, under the facts of this case, the trial court erred in granting summary judgment to U.S. Bank on these issues. *See* App.R. 16(A)(7). Her argument consists largely of a recitation of the elements of the causes of action and definitions of various terms. *See* App.R. 16(A)(7). Given all of the foregoing, Ms. Beach has not demonstrated that the trial court erred in granting summary judgment to U.S. Bank on the counterclaims that she has appealed.

{¶22} Ms. Beach's third assignment of error is overruled.

### III.

{¶23} Ms. Beach's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CARLA MOORE
FOR THE COURT

HENSAL, J.
SCHAFER, J.
CONCUR.

APPEARANCES:

DAVID N. PATTERSON, Attorney at Law, for Appellant.

SCOTT A. KING and ROBERT A. WEST, Attorneys at Law, for Appellee.