DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Christopher O'Neal, appeals from the judgment of the Summit County Court of Common Pleas, Juvenile Division, that affirmed and adopted the magistrate's decision that granted legal custody of his child, M.O., to the child's maternal grandmother, Carol Matronis. We affirm.
 I. {¶ 2} Christopher O'Neal ("Father") and Lauren Matronis ("Mother") are the parents of the minor child, M.O., born on January 15, 2000. On January 29, 2003, Carol Matronis, the maternal grandmother, ("Grandmother") of the child filed a complaint seeking legal custody. She alleged that the child had been in her possession since his birth and that she already had legal custody of the child's sibling. Through counsel, Mother consented to legal custody being placed in Grandmother.
 {¶ 3} Following a three-day hearing before a magistrate, a decision was entered, granting legal custody of the child to Grandmother. The magistrate found Father to be unsuitable, and also that it was in the best interest of the child to be placed in the legal custody of Grandmother.
 {¶ 4} Father filed objections to the decision of the magistrate, but failed to file a transcript of the evidence or an appropriate substitute. The trial court noted that no transcript of the three-day hearing was requested or filed with the magistrate and accordingly found that the decision granting legal custody to Grandmother was not contrary to law and was therefore proper. The trial court overruled Father's objections and adopted the decision of the magistrate. Father appealed and has assigned four errors for review. They will be addressed together.
 II. ASSIGNMENT OF ERROR I
"The trial court committed error by, in effect, applying a bestinterest standard rather than forcing the plaintiff to meet her threshold burden of proving that Christopher O'Neal was unfit or unsuitable to parent his son."
 ASSIGNMENT OF ERROR II
"The trial court committed error by finding [Christopher] O'Neal an unsuitable custodian for his son based on his drug addiction while shifting the burden to him to show proof of `professional verification or assistance' that he is a fit parent."
 ASSIGNMENT OF ERROR III
"The trial court committed error by failing to grant Christopher O'Neal's motion for directed verdict."
 ASSIGNMENT OF ERROR IV
"The trial court committed error by permitting hearsay testimony as a statement against interest over objection."
 {¶ 5} In his first and second assignments of error, Father challenges the magistrate's factual finding of unsuitability. In his third and fourth assignments of error, Father challenges the denial of his motion for directed verdict and the allowance of purported hearsay during the hearing below. For the reasons which follow, we find none of the arguments to have merit.
 {¶ 6} Juv. R. 40(E)(3)(c) provides that "[a]ny objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of the evidence if a transcript is not available." The record reveals that Father failed to file the transcript of the hearing before the magistrate when he filed his objections to the magistrate's decision. Nor did he file an affidavit in lieu of a transcript. In its order overruling Father's objections to the magistrate's decision, the trial court noted the omission of the transcript.
 {¶ 7} While Father contends in his first assignment of error that the trial court "misapplied the standard" of In re Perales (1977),52 Ohio St.2d 89, his supporting argument is not based on a question of law, but rather is based upon his disagreement with the magistrate's factual finding that under Perales, he was deemed unsuitable. Because Father failed to submit the required transcript or affidavit, the trial court was required to accept the magistrate's findings of fact as true.Wilms v. Herbert, 9th Dist. No. 04CA008525, 2005-Ohio-2, at ¶ 10. This court is limited to the same review. Id. See, also, Helton v. Helton
(1994), 102 Ohio App.3d 733, 737. Accordingly, Father's first assignment of error is overruled.
 {¶ 8} In his second assignment of error, Father asserts that the burden was shifted, requiring him to establish that he was a fit parent. It does not appear to this court that the magistrate imposed an improper burden on Father, so much as she lamented a lack of evidence to overcome the case presented by Grandmother regarding drug use by Father. In any event, this argument was not included in Father's objections to the decision of the magistrate, and may not therefore be raised on appeal. Juv. R. 40(E)(3)(d). The second assignment of error is overruled.
 {¶ 9} As to the third and fourth assignments of error, our review is limited to those materials before the trial court when it ruled on Father's objections. State v. Ishmail (1978), 54 Ohio St.2d 402, paragraph one of the syllabus. Those materials do not include a transcript of the hearing at which the motion for directed verdict was made or the purported hearsay was admitted. Because the record before us does not contain the transcript necessary for resolution of these assignments of error, we must presume the validity of the lower court's proceedings and affirm. Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199. Father's third and fourth assignments of error are overruled.
 III. {¶ 10} Father's four assignments of error are overruled, and the decision of the Summit County Court of Common Pleas, Juvenile Division, is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
Exceptions.
Whitmore, J. Batchelder, J. Concur.