[Cite as *Walker v. Lou Restoration*, 2012-Ohio-4031.]

STATE OF OHIO        )                IN THE COURT OF APPEALS
                        )ss:           NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT    )

KURT WALKER                      C.A. No.      26236

      Appellant

      v.                           APPEAL FROM JUDGMENT
                                  ENTERED IN THE
LOU RESTORATION, et al.       COURT OF COMMON PLEAS
                                  COUNTY OF SUMMIT, OHIO
      Appellees               CASE No.    CV 2010-09-6233

DECISION AND JOURNAL ENTRY

Dated: September 5, 2012

WHITMORE, Presiding Judge.

{¶1} Plaintiff-Appellant, Kurt Walker, appeals from the judgment of the Summit County Court of Common Pleas in favor of Defendant-Appellees, the Ohio Bureau of Workers' Compensation and Lou Restoration, Inc. This Court affirms.

I

{¶2} Walker filed a notice of appeal in the Summit County Court of Common Pleas after the Industrial Commission of Ohio disallowed certain claims he filed for Workers' Compensation. Both the Bureau of Workers' Compensation and Walker's former employer, Lou Restoration, Inc., were made parties to the action. A trial before a magistrate took place in July 2011. Walker testified at trial along with his wife and his expert witness. Additionally, the defense provided expert witness testimony. On July 22, 2011, the magistrate issued her decision, affirming the Industrial Commission's decision to disallow Walker's claims. Walker filed objections to the magistrate's decision, challenging the magistrate's ultimate determination that

his claims should be disallowed. On December 5, 2011, the trial court overruled Walker's objections and adopted the decision of the magistrate. In doing so, the trial court presumed regularity in the proceedings because Walker had failed to file a full transcript of his trial in conjunction with his objections.

{¶3} Walker now appeals from the trial court's judgment and raises two assignments of error for our review. For ease of analysis, we consolidate the assignments of error.

II

Assignment of Error Number One

THE TRIAL COURT ERRED BY DENYING PLAINTIFF'S OBJECTION TO THE MAGISTRATE'S DECISION BASED UPON THE MERITS BY ASSERTING A NON EXISTENT PROCEDURAL ERROR REGARDING TRIAL TRANSCRIPTS.

Assignment of Error Number Two

THE TRIAL COURT'S DECISION IS NOT SUPPORTED BY THE MANIFEST WEIGHT OF THE EVIDENCE AS FOUND IN THE COMPLETE RECORD.

{¶4} In his first assignment of error, Walker argues that the trial court erred by overruling his objections to the magistrate's decision based on a procedural technicality. In his second assignment of error, he argues that the court's judgment is against the manifest weight of the evidence. Because Walker did not support his objections to the magistrate's decision with a complete transcript, we must presume regularity and overrule his assignments of error.

{¶5} With respect to pro se litigants, this Court has repeatedly held that:

pro se litigants should be granted reasonable leeway such that their motions and pleadings should be liberally construed so as to decide the issues on the merits, as opposed to technicalities. However, a pro se litigant is presumed to have knowledge of the law and correct legal procedures so that he remains subject to the same rules and procedures to which represented litigants are bound. He is not given greater rights than represented parties, and must bear the consequences of

his mistakes. This Court, therefore, must hold [pro se appellants] to the same standard as any represented party.

(Internal citations omitted.) *Sherlock v. Myers*, 9th Dist. No. 22071, 2004-Ohio-5178, ¶ 3. With the foregoing in mind, we turn to Walker's arguments.

**{¶6}** Civ.R. 53(D)(3)(b)(iii) provides that "[a]n objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available." "The duty to provide a transcript or affidavit to the trial court rests with the person objecting to the magistrate's decision." *Swartz v. Swartz*, 9th Dist. No. 11CA0057-M, 2011-Ohio-6685, ¶ 8. *Accord Lakota v. Lakota*, 9th Dist. No. 10CA0122-M, 2012-Ohio-2555, ¶ 6. "Without a transcript of the hearing, [a] trial court [is] required to accept all of the magistrate's findings of fact as true and only review the magistrate's conclusions of law based upon the accepted findings of fact." *Cuyahoga Falls v. Eslinger*, 9th Dist. No. 21951, 2004-Ohio-4953, ¶ 6. "It follows that [the appellate court] must do the same." *Id.*

**{¶7}** Walker did not request a complete trial transcript in his praecipe to the court reporter. Rather, he specifically requested a partial transcript limited to the "portion after break when [the magistrate] went on record that video depositions of both doctors [were] to be trial testimony." (Sic.) The transcript filed with the trial court only represented the portion of the trial that Walker requested. Consequently, the trial court presumed regularity in the proceedings and overruled his objections. The court did not err by doing so. *Sliwinski v. Capital Properties Mgt., Ltd.*, 9th Dist. No. 25867, 2012-Ohio-1822, ¶ 9 ("Absent a transcript, the trial court and this Court must presume regularity in the proceedings on any finding of fact made by the magistrate.").

{¶8} Much like the trial court, we are constrained by the record on appeal. *In re M.O.*, 9th Dist. No. 22177, 2005-Ohio-264, ¶ 9 ("[O]ur review is limited to those materials before the trial court when it rule[s] on [] objections [to a magistrate's decision]."). Without a complete transcript, "[an] appellant cannot demonstrate * * * error [with respect to factual findings], and thus, we must presume the regularity of the proceedings and that the facts were correctly interpreted." *Lakota* at ¶ 7, quoting *Yancy v. Haehn*, 11th Dist. No. 99-G-2210, 2000 WL 263757, *3 (Mar. 3, 2000). Because Walker failed to file a complete transcript of the proceedings in support of his objections, the trial court correctly presumed regularity in the proceedings and Walker cannot demonstrate error on appeal. Walker's assignments of error are overruled.

III

{¶9} Walker's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

 

BETH WHITMORE
FOR THE COURT

MOORE, J.
CONCURS.

DICKINSON, J.
CONCURRING IN JUDGMENT ONLY.

{¶10} I concur in the majority's judgment. I write separately to clarify that the problem in this case is Mr. Walker's failure to support his objections before the trial court with a complete transcript of the proceedings that occurred in front of the magistrate. That problem would not have been cured by presenting a complete transcript to this Court.

APPEARANCES:

KURT WALKER, pro se, Appellant.

RONALD A. SKINGLE, Attorney at Law, for Appellee.

EUGENE B. MEADOR, Attorney at Law, for Appellee.