[Cite as *Helms v. Stegeman*, 2016-Ohio-5118.]

| | | |
|---|---|---|
| STATE OF OHIO | )<br>)ss: | IN THE COURT OF APPEALS<br>NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| JOEL HELMS | C.A. No.      27995 |
| Appellant | |
| v. | APPEAL FROM JUDGMENT<br>ENTERED IN THE |
| ASHLEY STEGEMAN, et al. | BARBERTON MUNICIPAL COURT<br>COUNTY OF SUMMIT, OHIO |
| Appellees | CASE No.      15CVG00164 |

DECISION AND JOURNAL ENTRY

Dated: July 27, 2016

SCHAFER, Judge.

{¶1}    Plaintiff-Appellant, Joel Helms, appeals the judgment of the Barberton Municipal Court awarding Defendants-Appellees, Ashley Stegeman and Christopher Jones ("Appellees"), a $541.20 rental credit on their counterclaim.  For the reasons set forth below, we affirm.

I.

{¶2}    Helms operates the CountryView South Apartments located in Green, Ohio. Appellees were tenants of this apartment complex.  On January 30, 2015, Helms filed a pro se complaint against the Appellees alleging the following three claims: (1) forcible entry and detainer; (2) damages for several months of unpaid rent; and (3) an injunction prohibiting Appellees from filing complaints against him with the Summit County Health Department.

{¶3}    On February 12, 2015, Appellees responded to Helms' complaint and filed a counterclaim alleging a breach of the warranty of habitability, lost wages, slander, and mental pain and anguish.  On February 18, 2015, Helms filed an answer denying Appellees'

counterclaims. Helms also filed a motion for default judgment on his forcible entry and detainer claim wherein he asserts that Appellees failed to defend against the claim in their answer. The trial court summarily denied Helms' motion for default judgment.

{¶4} On the day of trial, Appellees failed to appear despite being served with notice of the proceeding. Helms appeared pro se and gave testimony on his own behalf. At the conclusion of the trial, the magistrate entered judgment in favor of Helms in the amount of $1,977.00. However, the magistrate subsequently stayed its decision upon learning that Appellees did not appear at trial because Helms told them that he would not appear either. Appellees apparently believed that Helms would drop his claim for damages if they did not pursue their counterclaim. The magistrate then scheduled a new trial date.

{¶5} On May 22, 2015, the magistrate held another trial, this time with both parties present and appearing pro se. The magistrate subsequently issued a new decision entering judgment in favor of Helms and against the Appellees, jointly and severally, in the amount of $1,435.80 plus interest on Helm's claims. The trial court also entered judgment in favor of Appellees and against Helms in the amount of a $541.20 rent credit on Appellees' counterclaim. The magistrate also voided its previous decision. Helms filed timely objections to the magistrate's decision. On June 23, 2015, the trial court overruled Helms' objections to the magistrate's decision on the basis that Helms did not file a transcript or affidavit as required by Civ.R. 53(D)(3)(b)(iii). The trial court also adopted the magistrate's decision.

{¶6} Helms then filed a notice of appeal, but this Court dismissed the attempted appeal for lack of jurisdiction because the trial court failed to enter final judgment on Helms' request for an injunction in Count Three of his complaint. On remand, the trial court issued an amended

judgment entry on September 25, 2015 that disposed of the injunctive relief count. In all other respects, the entry mirrored the trial court's initial judgment entry.

**{¶7}** Helms filed this timely appeal and raises two assignments of error for this Court's review. Appellees have not filed an appellate brief in this matter, and thus, we "may accept [Helms'] statement of the facts and issues as correct and reverse the judgment if [Helms'] brief reasonably appears to sustain such action." App.R. 18(C).

II.

**Assignment of Error I**

**Cause Three should have been resolved with a favorable order after defendants failed to answer or defend.**

**{¶8}** In his first assignment of error, Helms argues that the trial court erred by failing to enter a default judgment against the Appellees on count three of his complaint since their answer did not defend against that claim. We disagree.

**{¶9}** Civ.R. 12(A)(1) requires that a defendant serve his or her answer to a complaint within 28 days of service of the summons and complaint. A party who fails to file a timely pleading in response to an affirmative pleading runs the risk of having a default judgment entered against them. *Ohio Valley Radiology Assocs., Inc. v. Ohio Valley Hosp. Assn.*, 28 Ohio St.3d 118, 121 (1986). Civ.R. 55(A) sets forth the procedures that a trial court must adhere to prior to entering a default judgment against a party.

**{¶10}** Here, Helms' first assignment of error asserts that a default judgment should have been entered against Appellees with respect to count three of his complaint. However, his motion for default judgment only requested a default judgment with respect to count one. Therefore, on this basis alone, we determine that the trial court did not err by denying Helms' motion for default judgment as it pertains to count three of his complaint.

{¶11} Helms' first assignment of error is overruled.

### Assignment of Error II

**Defendants offered no credible evidence to support [their] countersuit.**

{¶12} In his second assignment of error, Helms contends that the trial court erred by entering judgment in favor of Appellees on their counterclaim since no credible evidence was presented to support their claim. In essence, Helms contends that the trial court's decision is against the manifest weight of the evidence. However, we do not reach the merits of Helms' assignment of error since we determine that Helms has not properly preserved this issue for appellate review.

{¶13} Civ.R. 53(D)(3)(b)(iii) states, in relevant part, that "[a]n objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available." As the trial court properly noted below, Helms failed to file a transcript or affidavit with the trial court when he filed his objections to the magistrate's decision. Helms' objections challenged the magistrate's factual determination that Appellees were inconvenienced by the "inconsistent heat" in their apartment and that they were entitled to a $541.20 rent credit as a result. As such, Helms was required to file a transcript of the hearing or an affidavit of the evidence before the magistrate pursuant to Civ.R. 53(D)(3)(b)(iii). Because he failed to do so, the trial court was required to accept the magistrate's findings of fact and overrule Helms' objections. *Stewart v. Hickory Hills Apts.*, 9th Dist. Medina No. 14CA0038-M, 2015-Ohio-5046, ¶ 11, citing *Walker v. Lou Restoration*, 9th Dist. Summit No. 26236, 2012-Ohio-4031, ¶ 6. Moreover, in the absence of a properly filed transcript or affidavit of the evidence, this Court must do the same. *Id*.

**{¶14}** Accordingly, Helms' second assignment of error is overruled.

III.

**{¶15}** With both of Helms' assignments of error having been overruled, the judgment of the Barberton Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Barberton Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JULIE A. SCHAFER
FOR THE COURT

MOORE, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

JOEL A. HELMS, pro se, Appellant.

ASHLEY STEGEMAN, pro se, Appellee.

CHRISTOPHER JONES, pro se, Appellee.