[Cite as *Burwell v. Hardesty Village Home Owners Assn.*, 2020-Ohio-1466.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| David K. Burwell, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 19AP-151 |
| v. | : | (M.C. No. 2016 CVH 017434) |
| Hardesty Village Home Owners Association, | : | (REGULAR CALENDAR) |
| | : | |
| Defendant-Appellee. | : | |
| | : | |

D E C I S I O N

Rendered on April 14, 2020

**On brief:** *Law Offices of Donald Wiggins, Jr., LLC*, and *Donald Wiggins, Jr.*, for appellant. **Argued:** *Donald Wiggins, Jr.*

**On brief**: *Vargo Law LLC,* and *James G. Vargo,* for appellee. **Argued:** *James G. Vargo.*

APPEAL from the Franklin County Municipal Court

BRUNNER, J.

{¶ 1} Plaintiff-appellant, David K. Burwell, appeals from a judgment of the Franklin County Municipal Court entered on February 13, 2019, that awarded defendant-appellee, Hardesty Village Home Owners Association ("HVHOA"), an assessment against Burwell for attorney fees in the amount of $17,583.50 under the Frivolous Conduct statute, R.C. 2323.51. For the reasons that follow, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} We note at the outset that the history of the underlying litigation is knotty and with an unfortunate result for appellant. The underlying matter arose from a disputed $122.50 vehicular towing charge that HVHOA assessed against Burwell in 2016 for parking his car allegedly in violation of HVHOA parking rules. The record, however, indicates that

the disputed charge was part of a series of ongoing conflict between the parties and that ongoing tensions between Burwell and HVHOA has been an obstacle to terminating the litigation and appeal through settlement. The record indicates that this matter, which began as a home owner's association parking infraction, has drastically escalated to the point that HVHOA has claimed it had incurred through the trial court process $17,583.50 in legal fees in defending against Burwell's $122.50 claim and in further prosecuting its claim for sanctions against Burwell for frivolous conduct under R.C. 2323.51. To understand how the current situation came to be, a comprehensive review of the record is helpful here.

{¶ 3} HVHOA is an Ohio not-for-profit corporation that serves as the governing body of Hardesty Village, a condominium community located in Franklin County, Ohio. Burwell has owned or occupied a residence in Hardesty Village since December 2012.

{¶ 4} The underlying litigation commenced nearly four years ago, on June 14, 2016, when Burwell, pro se, filed a complaint in the Small Claims Division of the Franklin County Municipal Court seeking to recover from HVHOA $122.50, plus court costs and interest. Burwell's complaint set forth his cause of action in two sentences:

> On May 30, 2016 at 9:08 P.M. Hardesty Village Home Owners Association had my vehicle, a 2006 Chrysler Pacifica Lic# FOJ 1376, towed from the Handicap parking space nearest my home and impounded without cause or provocation and without prior notice of offense. My vehicle bore the proper Handicap Parking Placard and was legally parked in this spot.

(June 14, 2016 Compl. at 1.)

{¶ 5} On July 8, 2016, just 24 days after Burwell had filed his complaint, HVHOA filed a five-page answer and counterclaim. HVHOA's answer denied the allegations set forth in the complaint and raised several affirmative defenses. HVHOA's counterclaim alleged that HVHOA had established a private tow-away zone pursuant to R.C. 4513.601 and had published its parking rules and regulations to residents of Hardesty Village on multiple occasions. HVHOA further alleged Burwell had parked one of his vehicles in a public space for longer than the 72 consecutive hours allowed under the parking regulations. HVHOA stated that, at 9:30 a.m. on May 28, 2016, it had caused a ticket to be placed on Burwell's vehicle, notifying him of the violation and advising that, if the vehicle was not moved, it would be towed at Burwell's expense on May 30, 2016. Burwell did not

move his vehicle and, on May 30, 2016, HVHOA caused it to be towed from the premises. Burwell recovered his vehicle on or about May 31, 2016. HVHOA's counterclaim alleges in significant part as follows:

> 12. Despite having a private carport to keep his vehicles, [Burwell] chose to park this Vehicle for weeks on end in a handicap spot in violation of the Parking Regulations as part of his on-ongoing efforts to disturb the peace of Hardesty Village.
>
> 13. [Burwell] has now filed this civil action merely to harass HVHOA as his claim is knowingly unwarranted under existing law, cannot be supported by a good faith argument, consists of allegations that have no evidentiary support, and otherwise constitutes actionable frivolous conduct pursuant to R.C. 2323.51.
>
> 14. As a result of [Burwell's] conduct, HVHOA has been damaged and this Court should award HVHOA damages including, but not limited to, its court costs, attorneys' fees and other reasonable expenses incurred in connection with this action in excess of $3,000.00.
>
> **WHEREFORE**, having fully set forth its claim for relief, Defendant Hardesty Village Home Owners Association requests that the Court enter judgment or sanctions as appropriate in favor of Defendant Hardesty Village Home Owners Association, and against Plaintiff in an amount to be determined at trial but in excess of $3,000.00, plus punitive damages, court costs, attorneys' fees, any other reasonable expenses incurred, and any other relief the Court deems equitable and just.

(Emphasis sic.) (July 8, 2016 HVHOA Answer and Counterclaim at 4.)

{¶ 6} Burwell filed an answer to HVHOA's counterclaim on August 1, 2016 and an amended answer to the counterclaim on August 15, 2016. In addition to generally denying HVHOA's counterclaim, Burwell raised as affirmative defenses HVHOA's violation of the Fair Housing Act, commission of fraud, and failure to abide by the provisions of the Americans with Disabilities Act. Burwell further invoked the doctrine of unclean hands, alleging that HVHOA "clearly filed a frivolous counterclaim in an attempt to silence [Burwell] as to other irrelevant matter involving policies involving condominium rules and their interpretation." (Aug. 15, 2016 Am. Reply to Def.'s Counterclaim at ¶ 10.)

{¶ 7}    The trial court set the matter for mediation, which proved unsuccessful.  The trial court referred the matter to a magistrate for trial.  On March 27, 2017, the magistrate conducted a trial at which Burwell appeared pro se, and the HVHOA was represented by counsel.  As a preliminary matter, the magistrate granted HVHOA's motion to bifurcate the frivolous conduct claim and the award claim for the reasonableness and necessity of the fees.  The magistrate then asked HVHOA's counsel if the award to be sought was $3,000.  HVHOA's counsel advised the magistrate that the amount would probably be well over $10,000.  In response to the magistrate's question as to how HVHOA's counsel arrived at that figure, HVHOA's counsel stated in part as follows:

> It's a very troubling scenario for our client. Mr. Burwell – which you will hear evidence on this today – has been kind of engaged in a long term harassment of [HVHOA] and its board members. So part of what you will hear today is (unintelligible) and it seemed very simple on a $122 towing charge. You will hear evidence today about how it was attempted to be resolved early. Then in interacting with Mr. Burwell in responding to discovery requests he sent us, he asked 20 some interrogatories about violations of the Fair Housing Act, wanting to seek all of the voting records of [HVHOA], wanting to see the balance, wanting to know how long the trustees were insured, what the limits of the liability of the insurance are, whether or not they had DNO coverage, whether or not they had insurance to cover the grounds and the members of the board.
>
> So all of these things, not knowing what we would hear today, we had to look at all of that. We had to look at all those things. And he's made threats to [HVHOA] on other issues. Whether this case goes his way or not, it's a constant chain of this. So the time which we would submit by affidavit afterwards, it's very descriptive of everything we had to deal with.
>
> Unfortunately, it's been egregiously expensive * * *. I have been representing [HVHOA] a long time. Usually their issues are very, very simple, but there is much more to this than a towing charge. Not for today though. The only thing before this Court today is whether or not Mr. Burwell's vehicle was validly towed under the statute. And apart from the evidence we'll submit on our counterclaim, that is the only issue that is before the Court today.
>
> But, again, he's made intonations in discussions that he wants to bring a lot more stuff in here that just isn't relevant and, you know, while we are sure the Rules of Evidence are going to be

enforced, I had to look at all that stuff just to know what we would get into today. So it's a troubling scenario and, unfortunately, that's why I now have fees that we have been forced to incur that are that high.

(Mar. 27, 2017 Tr. at 6-8.) HVHOA's counsel acknowledged that the $10,000 was "entirely attorney fees," and that only "a very small portion of those fees relate to defending the towing claim." *Id.* at 8-18. Counsel stated that the attorney fees "relate to preparing and defending the (unintelligible) frivolous conduct of this constant chasing and harassing of the board, with this being [Burwell's] venue to do that." *Id.* at 8-21.

{¶ 8} Before proceeding with the trial, the magistrate discussed with the parties further attempts at mediation, but they instead proceeded to a one-day trial before the magistrate. Burwell testified on his own behalf, and Richard Greene, president of HVHOA, testified on behalf of HVHOA.

{¶ 9} On March 31, 2017, the magistrate issued a decision, including enumerated findings of fact and conclusions of law. The magistrate found that HVHOA, prior to having Burwell's vehicle towed, had established a private tow away zone under R.C. 4513.601 and had published rules and regulations related to parking and the use of the public and common parking spaces in Hardesty Village to all Hardesty Village residents, including Burwell. The magistrate found that, on May 28, 2016, HVHOA's employee had placed a notice under the windshield wiper of Burwell's vehicle indicating that the vehicle had been parked in a public parking space in violation of HVHOA's rules and regulations and would be towed if not moved before May 30, 2016. The magistrate found that Burwell did not move his vehicle, the vehicle was towed by HVHOA's towing service on May 30, 2016, and Burwell recovered his vehicle on or about May 31, 2016, after paying $122.50. The magistrate concluded that Burwell had failed to prove by a preponderance of the evidence a right to recover from HVHOA, entered judgment for HVHOA, and dismissed Burwell's case.

{¶ 10} With respect to HVHOA's counterclaim, the magistrate stated as follows:

[HVHOA] has filed a counterclaim seeking attorney fees pursuant to ORC 2323.51 maintaining that [Burwell] is engaged in frivolous conduct in the filing of this claim. Counsel for [HVHOA] presented testimony and evidence to the Court indicating that [Burwell] has engaged in frivolous conduct and Motions the Court to award attorney fees in the amount of

> $11,171.25. Pursuant to ORC 2323.51, the Court will set a date for hearing on this matter. Each party shall be given an opportunity to present any additional testimony and evidence in denial of or in support of [HVHOA's] petition for attorney fees.

(Mar. 31. 2017 Mag.'s Decision at 3.)  The magistrate set the hearing for May 9, 2017.

{¶ 11} On April 7, 2017, Burwell filed objections to the magistrate's decision. He specifically disputed the finding as to the number of days his vehicle was parked in the common handicap parking space, arguing that HVHOA had not presented testimony or submitted an affidavit from anyone having firsthand knowledge that his vehicle was parked in the handicap space for more than two days at a time and had not presented any corroborating testimonial or documentary evidence as to that fact.  HVHOA filed a memorandum contra Burwell's objections on April 14, 2017, arguing that Burwell's objections constituted additional frivolous conduct.  Burwell timely filed a transcript of the March 27, 2017 hearing.

{¶ 12} On June 21, 2017, the trial court entered a decision and judgment overruling Burwell's objections, adopting the magistrate's decision, finding judgment in favor of HVHOA, and dismissing Burwell's complaint.  The trial court took issue with HVHOA's counterclaim for sanctions, however, stating in its decision as follows:

> The record shows [HVHOA] has raised the issue of sanctions by way of a "counterclaim." However, the issue of frivolous conduct under R.C. 2323.51 is properly understood as a motion. In the Magistrate's Decision, the Magistrate indicated further proceedings were necessary on the issue of sanctions and attorney fees. As such, this matter will be referred back to [the Magistrate] by separate Order of Reference.

(June 21, 2017 Decision and Entry at 1.) The trial court simultaneously issued a special order of reference to the magistrate for the following purposes:

> 1) To hear evidence and determine, as a matter of fact, what specific conduct by [Burwell], if any, constitutes frivolous conduct under R.C. 2323.51. If no conduct is determined to have been frivolous as defined by statute, [HVHOA's] motion for sanctions shall be denied.
>
> 2) If frivolous conduct is found to have occurred, to hear evidence and determine what amount of attorney fees, if any, is appropriate under the Rules of Professional

Conduct. The Magistrate shall require [HVHOA] to submit evidence of the reasonableness of the fees according to each factor enumerated under Prof.Cond.R. 1.5(a).

(June 21, 2017 Order of Reference.)   The magistrate set the matter for hearing on August 30, 2017.

{¶ 13} On July 20, 2017, Burwell appealed the trial court's ruling. On August 18, 2017, Burwell filed a motion to continue the hearing on HVHOA's motion for frivolous conduct, pending the outcome of his appeal.  HVHOA supported Burwell's request for a continuance.  On September 1, 2017, the magistrate stayed further proceedings until Burwell's appeal was fully resolved.  On December 1, 2017, this Court dismissed Burwell's appeal sua sponte for failure to file a brief.

{¶ 14} The trial court's magistrate conducted the hearing on HVHOA's motion for frivolous conduct on October 2, 2018 and issued a five-page decision entering judgment in favor of HVHOA on November 6, 2018.  The magistrate, in her decision, found that Burwell had engaged in frivolous conduct as defined in R.C. 2323.51.  The magistrate found that Burwell sought to harass HVHOA and cause unnecessary delay by raising complicated defenses, including fraud and alleged violations of the Fair Housing Act and the Americans with Disabilities Act, which required HVHOA to respond accordingly, and by filing his request for admissions.  The magistrate found nothing in the record to support Burwell's allegations and thus no evidentiary support for Burwell's conduct.  The magistrate found Burwell's failure to prosecute his appeal of the trial court's June 21, 2017 decision to be especially egregious, as it delayed the matter in the trial court for nearly seven months.  The magistrate, having found Burwell's conduct frivolous under the statute, further found it proper to assess Burwell $11,171.25 for HVHOA's attorney fees based on the evidence provided by HVHOA's counsel.

{¶ 15} On November 20, 2018, Burwell filed objections to the magistrate's November 6, 2018 decision.

{¶ 16} On November 29, 2018, HVHOA also filed objections to the magistrate's decision, arguing that the magistrate had erred in calculating the award of attorney fees. HVHOA argued that the full amount of attorney fees incurred in the underlying matter was $17,583.50.

{¶ 17} The record before us indicates that neither Burwell nor HVHOA filed a transcript of the October 2, 2018 hearing before the trial court's magistrate.

{¶ 18} On January 14, 2019, while the parties' objections to the magistrate's decision were pending before the trial court judge, the magistrate issued an amended decision finding that the proper award of attorney fees was $17,583.50 and entering judgment in favor of HVHOA in that amount. Neither party filed objections to the magistrate's amended decision.

{¶ 19} On February 13, 2019, the trial court issued a judgment entry on both parties' objections to the magistrate's November 6, 2018 decision. The judgment entry referenced the magistrate's amended decision of January 14, 2019, stating that it "addressed a mathematical calculation cited in [HVHOA's] Objection to the earlier November 6, 2018 decision." (Feb. 13, 2019 Jgmt. Entry.) The trial court, having reviewed the objections and the magistrate's decision and amended decision, found that the magistrate correctly applied R.C. 2323.51 and Prof.Cond.R. 1.5 and overruled Burwell's objections. The trial court adopted the magistrate's amended decision of January 14, 2019 and declared HVHOA's objection to the magistrate's November 6, 2018 decision moot. The trial court sustained HVHOA's motion for sanctions and awarded HVHOA an assessment against Burwell for attorney fees in the amount of $17,583.50.

{¶ 20} Burwell timely appealed the trial court's February 13, 2019 judgment entry.

## II. ASSIGNMENTS OF ERROR

{¶ 21} Burwell presents for our review three assignments of error.

I. The Franklin County Municipal Court erred and abused its discretion when, without reason in fact or law, it adopted and upheld the magistrate's erroneous decision misapplying R.C. 2323.51.

II. The Franklin County Municipal Court erred and abused its discretion when it upheld the magistrate's unreasonably disproportionate and excessive award of attorney fees in the amount of $11,171.25 when the original underlying small claims action was in the amount of $122.50.

III. The Franklin County Municipal Court erred when it awarded defendant attorney fees under R.C. 2323.51—Ohio's Frivolous Conduct Statute—against prevailing public policy.

## III.  LAW AND DISCUSSION

### A.  Standard of Review

{¶ 22}  When objections are filed to a magistrate's decision, the trial court must undertake an independent, de novo review of the matters objected to in order to "ascertain [whether] the magistrate has properly determined the factual issues and appropriately applied the law."  Civ.R. 53(D)(4)(d).  *See also James v. My Cute Car, LLC*, 10th Dist. No. 16AP-603, 2017-Ohio-1291, ¶ 13.

{¶ 23}  The appellate standard for reviewing a trial court's adoption of a "magistrate's decision varies with the nature of the issues that were (1) preserved for review through objections raised before the trial court and (2) raised on appeal by assignment of error." (Citations omitted.) *Feathers v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 16AP-588, 2017-Ohio-8179, ¶ 10.  Generally, " 'the appellate standard of review when reviewing a trial court's adoption of a magistrate's decision is an abuse of discretion.' " *Gilson v. Am. Inst. of Alternative Medicine*, 10th Dist. No. 15AP-548, 2016-Ohio-1324, ¶ 77, quoting *Mayle v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 09AP-541, 2010-Ohio-2774, ¶ 15.  However, the standard of review applicable to this appeal is the doctrine of plain error.  Civ.R. 53(D)(3)(b)(iii) provides in pertinent part as follows:

> An objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53 (D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available. With leave of court, alternative technology or manner of reviewing the relevant evidence may be considered. * * * The objecting party shall file the transcript or affidavit with the court within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause. If a party files timely objections prior to the date on which a transcript is prepared, the party may seek leave of court to supplement the objections.

{¶ 24}  Because neither party filed a transcript of the October 2, 2018 hearing on HVHOA's motion for sanctions, our review must be conducted in accordance with Civ.R. 53(D)(3)(b)(iv), which provides:

> Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding

of fact or conclusion of law under Civ.R. 53 (D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53 (D)(3)(b).

## B.  First Assignment of Error

{¶ 25}  Burwell argues that the trial court erred and abused its discretion in failing to correctly apply Ohio's Frivolous Conduct statute, R.C. 2323.51, and erroneously finding that Burwell had engaged in frivolous and egregious conduct in prosecuting his underlying meritorious case.

{¶ 26}  In accordance with the trial court's June 21, 2017 order of reference, the magistrate heard evidence at the October 2, 2018 hearing to determine, as a matter of fact, what specific conduct by Burwell, if any, constituted frivolous conduct under R.C. 2323.51. The magistrate determined that Burwell sought to harass HVHOA and cause unnecessary delay by raising complicated defenses in his answer to HVHOA's counterclaim, including fraud and alleged violations of the Fair Housing Act and the Americans with Disabilities Act, none of which were supported by the record.  The magistrate found that Burwell's conduct constituted frivolous conduct under R.C. 2323.51.  The magistrate also found Burwell's failure to prosecute his appeal of the trial court's June 21, 2017 decision to be frivolous under R.C. 2323.51 because it delayed the matter in the trial court for nearly seven months.

{¶ 27}  As previously noted, Burwell did not file a transcript to permit the trial court to review his objections to the magistrate's November 6, 2018 decision for abuse of discretion (as alleged in Burwell's first assignment of error) in comparison with a transcript of the October 2, 2018 hearing.  The trial court was left with no other option but to accept the magistrate's findings of fact and to presume regularity in the proceedings before the magistrate.  *Lesh v. Moloney*, 10th Dist. No. 11AP-353, 2011-Ohio-6565, ¶ 11; *Walker v. Lou Restoration*, 9th Dist. No. 26236, 2012-Ohio-4031, ¶ 7-8.

{¶ 28}  As was the trial court under Civ.R. 53, this Court is constrained by Civ.R. 53 and the Rules of Appellate Procedure (*see* App.R. 9) concerning the record on appeal. Without a transcript of the proceedings before the magistrate, we have no record we can examine to factually review Burwell's allegation of abuse of discretion by the trial court. Thus, as to the first assignment of error, we cannot and do not find that the magistrate or

the trial court abused its discretion in finding that Burwell's conduct was frivolous under R.C. 2323.51. Consequently, Burwell's first assignment of error is overruled.

### C. Second and Third Assignments of Error

{¶ 29} We address together Burwell's assignments of error concerning the trial court's award of attorney fees to HVHOA under R.C. 2323.51. Burwell argues that the trial court erred and abused its discretion when it upheld the magistrate's five-figure award of attorney fees when the original underlying small claims action was in the amount of $122.50. Burwell also argues that the trial court erred as a matter of law when it awarded HVHOA attorney fees under R.C. 2323.51, contrary to prevailing public policy.

{¶ 30} The issue of Burwell's liability for the parking ticket is not before this Court, having been dismissed in 2018 for his failure to file a brief in his appeal of that trial court finding. As to frivolous conduct and the trial court's determination of what Burwell owes HVHOA, the magistrate found at the October 2, 2018 hearing that Burwell had engaged in frivolous conduct as defined by the statute. In the same hearing, the magistrate, in carrying out the trial court's June 21, 2017 order of reference, proceeded to hear evidence and determine what amount of attorney fees, if any, was appropriate under the Rules of Professional Conduct. In doing so, the magistrate required HVHOA to submit evidence of the reasonableness of the fees according to each factor enumerated under Prof.Cond.R. 1.5(a). The magistrate's decision recites the evidence HVHOA provided in support of the attorney fees sought. To the extent the amount of the attorney fees sought grossly exceeded the original amount in controversy, the record supports the award of those fees to HVHOA.

{¶ 31} In the absence of a transcript of the October 2, 2018 hearing, the trial court was required to accept the magistrate's findings of fact and to presume regularity in the proceeding. *Lesh*, 2011-Ohio-6565; *Walker*, 2012-Ohio-4031. As earlier noted, without a transcript of that hearing, we must do the same in review on appeal.

{¶ 32} Burwell's argument that the trial court's substantial award of attorney fees to HVHOA is contrary to public policy is not well-taken. R.C. 2323.51 provides for the award of sanctions for frivolous conduct. The magistrate's decision reflects that she heard evidence at the October 2, 2018 hearing before determining that Burwell had engaged in frivolous conduct. That Burwell filed an appeal of the first judgment as to liability but did not prosecute it by failing to file a brief also supports the trial court's finding of egregious delay created by his action. We note that Burwell's failure to prosecute does appear in the

record on appeal, such that we may consider it in reviewing the trial court's judgment. We also note that HVHOA's agreement to stay trial court proceedings pending Burwell's first appeal does not support Burwell's position. It was reasonable for HVHOA to agree to the stay because it avoided, for the time being, additional expense to HVHOA in prosecuting its counterclaim pending appellate review of liability.

{¶ 33} Burwell's claim in his third assignment of error that "[t]he Franklin County Municipal Court erred when it awarded defendant attorney fees under R.C. 2323.51—Ohio's Frivolous Conduct Statute—against prevailing public policy" does not rise to being against public policy as a matter of law (involving elements of clarity, jeopardy, causation, and overriding justification). *See Shields v. Tyack*, 10th Dist. No. 15AP-114, 2015-Ohio-5369, ¶ 9, for elements of public policy tort in context of employment discharge dispute.[1] In *Slane v. MetaMateria Partners, LLC*, 176 Ohio App.3d 459, 2008-Ohio-2426, ¶ 25 (10th Dist.), the appellant argued that his wrongful discharge claim should survive because it was based on his complaints about safety equipment and not solely on his disability claim, a public policy argument. In *Slane,* the appellant also recognized the then recent Supreme Court of Ohio case of *Leininger v. Pioneer Natl. Latex,* 115 Ohio St.3d 311, 2007-Ohio-4921, and that it negated his claim because, in *Leininger*, the court held that " 'there is no need to recognize a common-law action for wrongful discharge if there already exists a statutory remedy that adequately protects society's interests.' " *Leininger* at ¶ 26, quoting *Wiles v. Medina Auto Parts,* 96 Ohio St.3d 240, 2002-Ohio-3994, ¶ 15. In applying *Leininger*, we

---

[1] The Supreme Court of Ohio has set forth the elements for demonstrating wrongful discharge in violation of public policy, as follows:

> " '1. That clear public policy existed and was manifested in a state or federal constitution, statute or administrative regulation, or in the common law (the *clarity* element).
>
> " '2. That dismissing employees under circumstances like those involved in the plaintiff's dismissal would jeopardize the public policy (the *jeopardy* element).
>
> " '3. The plaintiff's dismissal was motivated by conduct related to the public policy (the *causation* element).
>
> 4. The employer lacked overriding legitimate business justification for the dismissal (the *overriding justification* element).' "

(Emphasis sic.) *Dohme v. Eurand Am., Inc.*, 130 Ohio St.3d 168, 2011-Ohio-4609, ¶ 13-16, quoting *Painter v. Graley*, 70 Ohio St.3d 377, 384 (1994), fn. 8, quoting Perritt, *The Future of Wrongful Dismissal Claims: Where Does Employer Self-Interest Lie*?, 58 U.Cin.L.Rev. 397, 398-99 (1989); *Leininger v. Pioneer Natl. Latex,* 115 Ohio St.3d 311, 2007-Ohio-4921,¶ 8-12; *Shields*, 2015-Ohio-5369, at ¶ 9.

specifically stated, "[*m*]*oreover, because Slane cannot establish a prima facie case of disability discrimination, his wrongful discharge claim fails as well.*"  (Emphasis added.) *Slane* at ¶ 25, citing *Thaman v. Ohio Health Corp.*, S.D.Ohio No. 2:03 CV 210, 2005 U.S. Dist. LEXIS 29857, 2005 WL 1532550 (Nov. 29, 2005).  Burwell failed to prosecute his appeal on liability and did not even file a brief.  We find no public policy argument against the trial court finding frivolous conduct under R.C. 2323.51 or in the award of damages such that we could sustain Burwell's third assignment of error.

{¶ 34}  Finally, Burwell cannot argue for the first time on appeal that the trial court's award against him is against public policy when he had the opportunity to argue it in objections to the magistrate's October 2, 2018 decision before the trial court.  He has effectively waived that argument on appeal.  *See S & P Lebos, Inc. v. Ohio Liquor Control Comm.*, 163 Ohio App.3d 827, 2005-Ohio-5424, ¶ 12 (10th Dist.), wherein we held:

> Ordinarily, the doctrine of waiver precludes a litigant from raising an issue for the first time on appeal. The waiver rule is tempered somewhat by the doctrine of plain error. However, in a civil case, the doctrine of plain error will be applied only in the "extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." *Goldfuss v. Davidson* (1997), 79 Ohio St.3d 116, 122-123, 1997-Ohio-401, 679 N.E.2d 1099.

While we recognize the difficulty Burwell now finds himself in, based on the record from the trial court, we can find no error affecting "the basic fairness, integrity, or public reputation of the judicial process" to challenge "the legitimacy of the underlying judicial process itself" such that he may avoid waiver to permit us to examine the question of plain error in the trial court's award.  *S & P Lebos* at ¶ 12.

{¶ 35}  Based on our review of the record, we find no error and no actionable violation of public policy in the award of attorney fees to HVHOA for frivolous conduct against Burwell.  Nor do we find plain error in the trial court's proceedings.  Burwell's second and third assignments of error are overruled.

## IV.  CONCLUSION

{¶ 36}  In the final analysis, the magistrate's findings of fact support the conclusions of law in the magistrate's November 6, 2018 decision.  Because Burwell failed to file a

transcript with his objections in the trial court, the trial court had no independent basis on which to review the magistrate's factual findings.  In the absence of a transcript, the trial court correctly presumed regularity in the proceedings, and Burwell cannot demonstrate error on appeal.  Accordingly, the trial court properly adopted the magistrate's decision and entered judgment for HVHOA.  We therefore affirm the judgment of the Franklin County Municipal Court.

*Judgment affirmed.*

BROWN, J., concurs.
LUPER SCHUSTER, J., concurs in judgment only.